(38 Misc. Rep. 107.)

### LOEB v. FIREMEN'S INS. CO. OF BALTIMORE.

(Supreme Court, Special Term, New York County. May, 1902.)

1. INSURANCE—FIRM PROPERTY—CHANGE OF OWNERSHIP.

    A sole continuing partner on dissolution took over the firm assets, and did not thereafter continue the partnership, but used the words "& Co.," they not representing any actual partner, in violation of Laws 1833, c. 281, § 1 (Pen. Code, §§ 363, 363b). Held not to preclude him from recovering for loss under a fire insurance policy issued to the

firm before dissolution upon firm property, as the change of interest between the parties to the policy did not forfeit the insurance.

**2. SAME—USE OF FIRM NAME.**

The failure of the continuing partner to comply with, or his violation of, the statutes, as to the use of a firm name did not relieve such insurer.

**3. DEMURRER—ADMISSIONS.**

A demurrer to a defense admits only such allegations as are properly pleaded.

Action by Adolph Loeb against the Firemen's Insurance Company of Baltimore. Demurrer to defense sustained.

Henry M. Powell (Albert W. Venino, of counsel), for plaintiff.
Vernon M. Davis, for defendant.

STECKLER, J. The action is upon a fire insurance policy issued by the defendant to the plaintiff and his then copartner, Leon Platky, carrying on business under the firm name of Adolph Loeb & Co., on partnership property. It appears from the complaint that during the life of the policy, and before the alleged loss, the copartnership was dissolved, and all its assets, including the policy of insurance, were transferred to the plaintiff, who thereafter continued the business under the same firm name. Material averments of the complaint are put in issue by denials in the answer, which contains in addition two so-called separate defenses. For a second defense defendant sets up, in substance, that the policy is void because of the dissolution of the firm and the assignment of the policy to the plaintiff, and also because of the alleged noncompliance by plaintiff with sections 20 and 21 of article 2 of the partnership law (Laws 1897, c. 420), and his violation of section 1 of chapter 281 of the Laws of 1833, as amended by chapter 262 of the Laws of 1886, and sections 363 and 363b of the Penal Code, forbidding the use of the words "& Co." unless they represent an actual partner. Plaintiff demurs to this defense as insufficient in law.

Prior to the adoption of the standard policy it was held that a policy issued to a firm, providing that it should be null and void in case of a sale or conveyance of the insured property, is not forfeited by a transfer of interest as between the parties assured. Hoffman v. Insurance Co., 32 N. Y. 405, 88 Am. Dec. 337. Under the standard form of policy, the corresponding provision of which makes the policy void in the event of a change of interest or title, this seems to be still the rule. Moulton v. Insurance Co., 25 App. Div. 275, 49 N. Y. Supp. 570; Bartlett, J., in Germania Fire Ins. Co. v. Home Ins. Co., 144 N. Y. 199, 39 N. E. 77, 26 L. R. A. 591, 43 Am. St. Rep. 749; Richards, Ins. (2d Ed.) 160. I do not think that the plaintiff's noncompliance with and violation of the statutes cited, either alone or coupled with the alleged change of interest, help to sustain its so-called defense. It has been held that the statute of 1833 is highly penal; that it will not be extended by implication or construction to cases not within the terms of the act fairly interpreted; and that the statute was directed against fraud and imposition which might be practiced upon innocent parties who dealt with the person who transacted business in the name of a party whose interest had ceased,

or who had never any interest in the business.    Wood v. Railroad Co., 72 N. Y. 196, 28 Am. Rep. 125; Gay v. Siebold, 97 N. Y. 472, 49 Am. Rep. 533; Taylor v. Soap Co., 18 App. Div. 175, 45 N. Y. Supp. 939; Sinnott v. Bank, 164 N. Y. 386, 58 N. E. 286; Zimmerman v. Erhard, 83 N. Y. 74, 38 Am. Rep. 396.   In the light of these decisions this case is not within the mischief which the statute was designed to remedy.    The defendant cannot bolster up its defense by mere conclusions of law, for the demurrer admits only allegations which are properly pleaded.    Wood v. Amory, 105 N. Y. 278, 11 N. E. 636; Knapp v. City of Brooklyn, 97 N. Y. 520; Cohn v. Goldman, 76 N. Y. 284.

Demurrer sustained, with costs.