STANLEY ROSS, Appellant, *v.* THE DELAWARE, LACKA-
WANNA AND WESTERN RAILROAD COMPANY,
Respondent.

Scaffolding — construction and application of Labor Law
(Cons. Laws, ch. 31, § 18) relating thereto — erroneous charge
as to such provision in action brought by employee injured
by fall of scaffold.

1. The Labor Law in the provision relating to scaffolding for the
use of employees (Cons. Laws, ch. 31, § 18) does not make a master
an insurer of the safety of a scaffold under all conditions, but it no
longer permits the duty of construction to be delegated by the master
who is made responsible whoever may do the actual work. It requires
the scaffold to be so safe as to give proper protection to the workmen
engaged in their duty. Negligence in construction is not an element
in issue. However careful the master, he is responsible unless the
scaffold is in fact a proper one — proper to protect the workman in
his work.

2. A flooring constructed of loose planks laid temporarily upon
permanent crossbeams of a structure, at some places single, at others
two planks side by side, the same to be used by workmen to stand
and work upon in placing a permanent flooring of heavy timbers,
constituted a scaffold within the meaning of section 18 of the Labor
Law, and where one of such planks fell while a workman was standing
upon it, throwing him to the ground sixteen feet below and causing
injuries for which damages are sought in this action, it was error for
the trial court to instruct the jury that these planks did not con-
stitute a scaffold and that section 18 of the Labor Law did not apply
to such a situation, and hence a judgment for defendant entered upon
a verdict of the jury under such instructions should be reversed and
a new trial granted.

*Ross* v. *D., L. & W. R. R. Co.*, 175 App. Div. 960, reversed.

(Argued May 11, 1921; decided May 31, 1921.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the third judicial
department, entered December 8, 1916, unanimously
affirming a judgment in favor of defendant entered upon
a verdict.

*Mortimer L. Sullivan* for appellant. It was reversible error for the court to charge that the place where plaintiff was working was not a scaffold; that the defendant only owed to the plaintiff the common-law duty of care and to refuse to charge that section 18 of the Labor Law applied in this case. (*Holsapple* v. *International Paper Co.*, 216 N. Y. 746; *Fuller* v. *Mulcahy. & Gibson*, 164 App. Div. 829; *Johnson* v. *S. P. R. R. Co.*, 196 U. S. 1; *St. Louis R. Co.* v. *Taylor*, 210 U. S. 281; *C., B. & Q. R. Co.* v. *United States*, 220 U. S. 559; *Delk* v. *St. Louis & R. Co.*, 220 U. S. 580; *Chicago, R. I. & P. R. Co.* v. *Brown*, 229 U. S. 317; *Nashville, C. & St. L. Ry.* v. *Henry*, 164 S. W. Rep. 310; *Martin* v. *Herzog*, 228 N. Y. 164.)

*Halsey Sayles* for respondent. The trial court correctly charged that the plank which fell with plaintiff was not a scaffold and did not come within section 18 of the Labor Law. (*Welk* v. *Jackson Architectural Works*, 98 App. Div. 247; 184 N. Y. 519; *Brady* v. *Penn. Steel Co.*, 134 App. Div. 372; *Williams* v. *First Nat. Bank*, 118 App. Div. 555.) The charge of the trial court held the defendant to as strict a duty as that provided in section 18 of the Labor Law. (*Jeffrey* v. *Miller*, 222 N. Y. 135; *Gombert* v. *McKay*, 201 N. Y. 27; *Caddy* v. *Interborough R. T. Co.*, 195 N. Y. 415; *Riley* v. *McNulty*, 115 App. Div. 650; *Petterson* v. *R. A. C. Co.*, 127 App. Div. 32; *Robinson* v. *Con. Gas Co.*, 194 N. Y. 37; *Ackert* v. *City of New York*, 156 App. Div. 836; *Eldridge* v. *Terry & Tench Co.*, 145 App. Div. 560; *Lorenzo* v. *Faillace*, 132 App. Div. 103; *Martin* v. *Herzog*, 228 N. Y. 164.)

ANDREWS, J. The Delaware, Lackawanna and Western Railroad Company was erecting a long narrow building to be used as a coal trestle. Some sixteen feet above the ground it was to be floored over, and running length-

1921.]         Opinion, per ANDREWS, J.      [231 N. Y. 335]

wise through the center was to be a trough to convey the coal, made of heavy timbers sixteen feet long and six by eight inches wide and high. Crossbeams about twelve feet apart were in place. It was desired to raise these timbers from the ground and leave them approximately in the position they were finally to occupy. To accomplish this result the workmen needed something upon which to stand and upon which to walk back and forth. Therefore planks thereafter to be used for the flooring were laid temporarily upon the crossbeams also through the center of the building. These planks, at places single, at places with two side by side, were not nailed or anchored in any way. While engaged in the work of carrying a heavy beam to the place where it was designed that it should be left one of these planks under circumstances that need not be detailed fell while Ross was standing upon it. For the injuries that resulted he seeks to recover damages. Under a charge which expressly held that these planks did not constitute a scaffold and that section 18 of the Labor Law (Cons. Laws, ch. 31) did not apply to such a situation, the jury found a verdict for the defendant. We are to decide whether the charge was correct in this respect and, if not, whether it was harmful to the plaintiff.

In our opinion the planks under the circumstances disclosed did constitute a scaffold. They were not a permanent part of the structure itself, sometimes adopted by the workmen for their support. They were not a part of the permanent flooring being placed in position. They were not a temporary mold or form such as a false arch not intended to be used by the workmen. Their object was but temporary. When the work to which they were an incident was done they were to be removed. Except to make possible this work they were useless. And while doing this work they raised the workmen high above the ground.

22

If a scaffold, what was the duty of the master under section 18 of the Labor Law? That section does not make a master an insurer of the safety of a scaffold under all conditions. It does, however, accomplish two things: It no longer permits the duty of construction to be delegated by the master who is made responsible whoever may do the actual work. It requires the scaffold to be so safe as to give proper protection to the workmen engaged in their duty. Negligence in construction is not the point at issue. However careful the master, he is responsible unless the scaffold is in fact a proper one — proper to protect the workman in his work. If, therefore, the rule of liability laid down in the charge complies with this test then it was immaterial that the trial judge refused to refer to the Labor Law. It is immaterial what he chose to call this structure. Taking the charge as a whole, however, this rule was not applied. It is said that it was the duty of the master to furnish a reasonably safe place to work. Further on it is stated that his duty in this regard is to exercise care. The test suggested to the jury, therefore, is not whether he actually furnished a proper place but whether he exercised care in this regard. As emphasizing this difference the jury was further given instructions as to assumed risk that would not be applicable were this structure a scaffold.

The charge was, therefore, erroneous and the error was material. The judgments of the courts below should be reversed and a new trial granted, with costs to abide the event.

CHASE, HOGAN, CARDOZO, POUND and CRANE, JJ., concur; HISCOCK, Ch. J., not sitting.

Judgments reversed, etc.