GEORGE L. MCCONNELL, Appellant, *v.* CARIBBEAN PETROLEUM COMPANY, Respondent.

Argued April 11, 1938; decided May 24, 1938.

*Carlos Lazo, Charles L. MacDonald* and *George A. Dickinson* for appellant. Jurisdiction should be exercised over the subject of the second cause of action. (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99; *Matter of Phillips*, 206 App. Div. 314.) The Statute of Limitations is not a bar to the second cause of action. (*Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y. 436; *United States* v. *Memphis Cotton Oil Co.*, 288 U. S. 62; *N. Y. C. & H. R. R. R. Co.* v. *Kinney*, 260 U. S. 340; *Missouri, K. & T. Ry. Co.* v. *Wulf*, 226 U. S. 570; *Seaboard Air Line Ry. Co.* v. *Renn*, 241 U. S. 290; *Seaboard Air Line Ry. Co.* v. *Koennecke*, 239 U. S. 352; *Friederichsen* v. *Renard*, 247 U. S. 207; *Eighmie* v. *Taylor*, 39 Hun, 366; *Lustig* v. *N. Y., L. E. & W. R. R. Co.*, 65 Hun, 547; *Lassiter* v. *R. R. Co.*, 136 N. C. 89; *Louisville & N. R. R. Co.* v. *Pointer*, 113 Ky. 952.) Assuming that the amendment to the complaint states a new cause of action, our Statute of Limitations has been tolled under section 19 of our Civil Practice Act. (*McClure* v. *Supreme Lodge*, 41 App. Div. 131; *National Surety* v. *Ruffin*, 242 N. Y. 413; *Meyers* v. *Credit Lyonnais*, 259 N. Y. 399; *Kirsch* v. *Lubin*, 131 Misc. Rep. 700; 223 App. Div. 826; 248 N. Y. 645; 249 N. Y. 610.)

*Albert R. Connelly, Bruce Bromley* and *John H. Morse* for respondent. The second cause of action set forth in the complaint is a new cause of action. (*McConnell* v. *Williams S. S. Co.,* 146 Misc. Rep. 512; 239 App. Div. 393; 265 N. Y. 594; *Konner* v. *State,* 180 App. Div. 837; 227 N. Y. 478; *Harriss* v. *Tams,* 258 N. Y. 229.) The second cause of action is barred by the New York Statute of Limitations. (*Mack* v. *Mendels,* 249 N. Y. 356; *St. Clair* v. *Cox,* 106 U. S. 350; *Peoples Tobacco Co., Ltd.,* v. *American Tobacco Co.,* 246 U. S. 79; *International Harvester Co.* v. *Kentucky,* 234 U. S. 579; *Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259; *Holzer* v. *Dodge Bros.,* 233 N. Y. 216; *Comey* v. *United Surety Co.,* 217 N. Y. 268.) The second cause of action is based upon a foreign statute not enforceable in the courts of this State. (*Marshall* v. *Sherman,* 148 N. Y. 9; *Verdicchio* v. *McNab & Harlin Mfg. Co.,* 178 App. Div. 48; *Lehmann* v. *Ramo Films, Inc.,* 92 Misc. Rep. 418; *McCarthy* v. *McAllister Steamboat Co.,* 94 Misc. Rep. 692; *Delaware, Lackawanna & Western R. R. Co.* v. *Peck,* 255 Fed. Rep. 261.)

O'BRIEN, J. Plaintiff is a resident of Oklahoma and a former employee of defendant, which is a New Jersey corporation. The original complaint was served July 31, 1930, to recover damages for personal injury sustained by plaintiff in July, 1928, through the alleged *negligence* of defendant in Venezuela where plaintiff was then employed by defendant. It alleged that plaintiff was injured in an automobile which was provided by defendant and operated by defendant's agents, by reason of its defective condition, of which defendant had notice, and that his injury was caused *solely by the negligence of defendant.* Also it set forth this provision of article 1218 of the Venezuela Civil Code: " Every person is responsible for the injury he has caused, not only by his act, but also by his *negligence* or imprudence." The action was tried in January, 1934, and a verdict was rendered for plaintiff, which was set aside and a new trial

ordered on the ground that it was contrary to the evidence and the law.

In October, 1936, plaintiff, without taking the new trial for *negligence* to which he was entitled under the orders of the Trial Term and Appellate Division, moved for leave to serve an amended complaint, and his motion was granted. The alleged cause of action for negligence, as originally pleaded, was repeated as a first cause of action in the amended complaint and in addition another alleged cause of action was pleaded. This second cause of action *does not allege negligence* but pleads plaintiff's contract of employment with defendant and the fact of his injury *solely by reason of his fall* from the automobile which was provided by defendant and operated by its agents. It also alleges that the rights, duties and obligations of plaintiff and defendant are governed by article 1683 of the Venezuela Civil Code, which reads in part as follows: " The hirer has the right to end the agreement, if the servant becomes disabled by any cause for the service during more than one month, provided that the disability, in an industrial or mining establishment, does not arise from the service itself, in which event *the hirer is civilly responsible for the accidents incurred in the service,* unless fault is proved on the part of the servant." Defendant moved, pursuant to rule 107 of the Rules of Civil Practice, for an order dismissing this second cause of action on the ground that it did not accrue within the time limited by law for the commencement of an action thereon, and its motion was granted.

This amended complaint was not served until November, 1936, more than eight years after the alleged cause of action arose. The first question of law is whether a new cause of action is alleged or merely whether a change in legal theory is effected. Plaintiff's attorneys assert that the motion for leave to serve this amended complaint is based upon sections 245-a and 245-b of our Civil Practice Act. The section first mentioned confers

authority upon the court to permit a party to serve a supplemental pleading alleging " *any new and additional cause or causes of action.*" The exposition in *Payne* v. *N. Y., S. & W. R. R. Co.* (201 N. Y. 436, 441) seems to be quite applicable here, where this court referred to " instances in which the *statutes* have created a new or extended liability not known at common law," and observed: " In such cases it is quite accurate to say that the *statute* which establishes a *new liability* also creates a *new 'cause of action,'* for without the *statute* none would exist." Venezuela, being a civil law country, the common law, of course, is inoperative. Whatever rights plaintiff may possess depend upon article 1218 or article 1683 of the Venezuela Civil Code. Both rights are created by statute. One cause of action depends upon *negligence* by defendant, and on this cause of action, in which plaintiff alleges that his injury was caused " *solely by the negligence* of the defendant," he was defeated. The other cause of action, according to plaintiff's interpretation of article 1683, depends upon the fact of plaintiff's injury without negligence by defendant. In this second cause of action, which is the only surviving one, the complaint alleges that plaintiff's injury was caused " solely by reason of said fall." Appellant's brief states that both counts allege the same set of facts, but this statement is not accurate. One asserts a wrong, the other is silent in respect to any wrong; one is based upon a tort, the other merely upon a statutory liability; one charges negligence, the other omits it; one attributes the injury solely to negligence, the other solely to the fall. The principle here differs from the doctrine expounded in *New York Central R. R. Co.* v. *Kinney* (260 U. S. 340), where under both the original and the amended complaints the same wrong and tort was alleged. Here the obligation or liability alleged in the amended complaint is entirely different from the obligation or liability alleged in the original complaint. (*Harriss* v. *Tams*, 258 N. Y. 229, 241, 242.)

Since a new and distinct cause of action is alleged in the amended complaint, a second issue of law is in the case. The new action for personal injury, based solely upon a liability without the commission of a wrong was not begun until eight years after the cause of action arose. Under the law of Venezuela the Statute of Limitations is twenty years. Section 48, subdivision 2, of our Civil Practice Act prescribes six years as the Statute of Limitations for an action to recover upon a liability created by statute, and subdivision 3 prescribes the same limitation for an action to recover damages for a personal injury " except in a case where a different period is expressly prescribed in this article." Section 49, subdivision 6, expressly prescribes three years for an action for personal injury *resulting from negligence.* This section 49, subdivision 6, can have no application to this case as the action is not based on negligence but solely on a statutory liability created by the law of Venezuela. This case differs from the principle of *Meyers* v. *Credit Lyonnais* (259 N. Y. 399), which was decided on the fact that *both* parties were non-residents. Nothing in the opinion in that case indicates that that defendant was authorized to transact business in this State and was always in the State. In the case at bar plaintiff is a non-resident and defendant is a foreign corporation, but the fact is alleged by plaintiff that at all times mentioned in the complaint defendant, a foreign corporation, was " engaged in business in the State of New York, and maintaining an office in the City of New York for the regular transaction of its business." Appellant argues that, even assuming that the amendment states a new cause of action, our Statute of Limitations has been tolled by section 19 of the Civil Practice Act. The Statute of Limitations is not tolled by reason of defendant's absence from the State, because under the allegations of the complaint and the decisions of this court it has been here all the time, should be dealt with as a domestic corporation, and section 19 of the Civil Practice Act would not protect

plaintiff. For the purposes of the Statute of Limitations this defendant is not a non-resident. (*Comey* v. *United Surety Co.*, 217 N. Y. 268, 274, 275; *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259, 269, 270; *Holzer* v. *Dodge Bros.*, 233 N. Y. 216, 221, 222; *Mack* v. *Mendels*, 249 N. Y. 356, 363.)

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and FINCH, JJ., concur; RIPPEY, J., dissents on the ground that the *lex loci* applies as to the time within which the action must be brought (37 C. J. pp. 686, 732; *Kiefer* v. *Grand Trunk Ry. Co.*, 12 App. Div. 28; affd., 153 N. Y. 688) and the time within which the action may be brought under the Civil Code of Venezuela has not expired.

Judgment affirmed.