NEIL DOUGHERTY, as Executor of the Estate of ROSE DOUGHERTY, Deceased, Plaintiff, v. HENRY SEIGLE, Doing Business as SEIGLE's EXPRESS, Defendant.

Supreme Court, Trial Term, Kings County, June 4, 1943.

*Thomas Shaw* and *Samuel Bloustein* for plaintiff.

*George S. Pickwick* and *John P. Smith* for defendant.

F. E. JOHNSON, J. The defendant, a resident of New Jersey at the time of the highway accident, and continuously since then, was served with a summons under section 52 of the Vehicle and Traffic Law on a date that was beyond the statutory period for bringing such a suit; he has pleaded the Statute of Limitations, and the issue of fact raised thereby (whether he was

doing business in this State) has been directed to be tried as a separate issue. He claims that since he was doing business here continuously after the accident he could have been served, and the Statute of Limitations was thus running, and had run at the time the summons was served. It will be found as a fact that during this period he had successive places of business here where he conducted an express business, but at no time did he publicly use his full name or otherwise disclose who was conducting the business. Neither on the various store fronts nor on letterheads, bills or other public statements did he disclose who was doing business as " Seigle's Express "; he did not have a telephone contract or a telephone listing; he paid telephone bills on telephones listed in other names, or paid persons who had telephones which he used. On none of his trucks was there any greater identification of him than stated. He had a brother who was also in that business, who lived in New Jersey, but whose truck was occasionally used here by this defendant in this business. He did not show that his name appeared in the City Directory or in the " Red Book " (classified telephone directory). At no time while thus conducting the business did he file any certificate that he was doing business under that trade name. He made no disclosure of any kind, at any time or place, to the public, or any official agency, that it was he who was doing business under this form. This situation might permit him to bring suit here on a contract arising out of the conduct of the business within the city (*Doyle* v. *Shuttleworth,* 41 Misc. 42; *Loeb* v. *Firemen's Ins. Co.,* 38 Misc. 107; *Wood* v. *Erie R. R. Co.,* 72 N. Y. 196), and there is nothing unjust in allowing that; in fact it would be unjust to thus forbid suing a resident on a contract made within the State. This defendant, however, who is *prima facie* to blame for the damage that his truck did in this city to a resident of this State, seeks to avoid a trial here by pleading a statute that is not an appeal to justice but rather a reliance upon the mere passage of time. He is invoking a New York law to evade the consequences of his own act in New York by which a resident of New York has suffered, and he ought to bring himself squarely within the statute that he pleads, since nonresidents seeking to use our laws against our citizens must be completely entitled to do so before they will be granted relief thereunder. (*Chemung Canal Bank* v. *Lowery,* 93 U. S. 72; *Bode* v. *Flynn,* 213 Wis. 509; *Maguire* v. *Yellow Taxicab Corp.,* 253 App. Div. 249, 253.)

The proof of the claim that he was doing business within this State so as to entitle him to the protection of the Statute of

Limitations should show that he was doing business in the manner prescribed by law; the statute should be read to mean that if he was here it was not in violation of law. His conduct in doing business here during that period was contrary to law because he had never filed a certificate.

In *McConnell* v. *Caribbean Petroleum Co.* (278 N. Y. 189) the question was the effect of the presence of the defendant in the State while the statute was apparently running; it claimed it was engaged in business here and maintained an office for the regular transaction of business; the opinion indicates that authority to transact business is important (p. 194). In commenting on the case of *Meyers* v. *Credit Lyonnais* (259 N. Y. 399), O'BRIEN, J., said that nothing in the opinion in that case " indicates that that defendant was authorized to transact business in this State." (*McConnell* v. *Caribbean Petroleum Co., supra.*)

Authorities such as *Mack* v. *Mendels* (249 N. Y. 356) and *Kittredge* v. *Langley* (252 N. Y. 405), that if a nonresident has an office in this State for the transaction of business in person where he is in regular attendance he is not absent from the State, within the meaning of our decisions, ought to be interpreted as implying that conduct of business was not contrary to law.

In *Engel* v. *Fischer* (102 N. Y. 400), the court said that to cause the statute to run the defendant's act " must be open and notorious and under such circumstances that the creditor could with reasonable diligence find his debtor and serve him " (citing cases).

In *Komey* v. *United Surety Co.* (217 N. Y. 268) the ruling seems to be based upon the fact that the defendant obtained " the privilege of doing business within our borders " (p. 274).

The presence of defendant here must be " public or notorious " so that he could have been found " with due diligence " (*Palmer* v. *Bennett*, 83 Hun 220). His presence here must be " so public and under such circumstances as to give the creditor an opportunity by the use of ordinary diligence " to find him. (*Fowler* v. *Hunt*, 10 Johns. 464.) The plaintiff could not have known defendant was in business here even if he had used more than due diligence. It ought to be the policy of the law that when the person who invokes the statute was, in effect, obscuring his identity in the business he was conducting, he cannot use the statute. Whether he was doing business " under a false name " (Civ. Prac. Act, § 19) is perhaps debatable; he had a given name and a surname and he used but half of the name in his business. His brother was in the same business and the brother's truck was often used here by defendant. The

confusion created by the failure to disclose in a trade certificate who was " Seigle's Express ", and the ambiguity that was created by the failure to disclose at any time on the trucks or the place of business or the letterheads or the telephone book or elsewhere who was the individual behind that trade name, make it possible to say that he was doing business " under a false name " in that he was not doing business under his true name, Henry Seigle.

The form of the order under which this issue of fact was sent to trial seems to require a decision striking out the defense, but counsel may submit on notice any requested findings, or other papers, that they deem proper.