### HUBER v. REBAY.

District Court, S. D. New York.
Aug. 29, 1944.

Silliman, Gay & Behrens, of New York City (Charles H. Lawson and Mack Kreindler, both of New York City, of counsel), for plaintiff.

Herbert J. De Varco, of New York City, for defendant.

KNOX, District Judge.

Defendant here moves for summary judgment, dismissing plaintiff's first cause of action based upon the publication of an allegedly libelous letter. It is said that the communication containing the libel was written in New York and delivered to its addressee in New Jersey, in November, 1942. In plaintiff's bill of particulars, she has advanced the date of publication either to December, 1941, or January, 1942. The complaint was filed on October 27, 1943.

Defendant, an alien, is the Curator of the Solomon R. Guggenheim Foundation, and has an office and an apartment on West 57th Street, in this city. Her residence is in Connecticut where she owns a substantial estate. During the greater part of the period from publication of the libel until the present, she has visited her place of business. The exceptions are these: from October 15, 1942 until December 16, 1942, she was confined as an enemy alien in Boston; from December 16, 1942 until March 17, 1943, she was detained at her Connecticut home, and could depart therefrom only with the permission of the Federal authorities; from that date to the present, she has been about her regular duties, coming into New York three or four times a week. During the period of restraint, she was allowed to take several trips to places without this district.

The basis for defendant's motion is that the New York statute of limitations has run. Generally, the statute of limitations of the forum is the rule to be applied. Restatement of the Law, Conflict of Laws, Nos. 602, 603. The New York statute is one year for actions of libel. N. Y. Civil Practice Act, § 51(3).

Since the libel was published in New Jersey and the cause of action arose there, Cannon v. Time, Inc., D.C., 39 F. Supp. 660, and since the plaintiff is a resident of New Jersey, and the defendant of Connecticut, the question is essentially one in conflict of laws. For guidance in reaching a decision, resort must be had to the laws of New York. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

The New York statute is this: "Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the cause of action arose, for bringing an action upon such cause of action, except that where the cause of action originally accrued in favor of a resident of this state, the time limited by the laws of this state shall apply." N. Y. Civil Practice Act, § 13, as amended in 1943.

From this it is seen that the action is barred whenever the shorter period has run. The present statute is a restatement of decisions interpreting the section as earlier written. Law Revision Commission Report, Leg.Doc.(1943) No. 65F; 2 Gilbert-Bliss, Civil Practice Act of New York, No. 13; Parson, New York Civil Practice Act, No. 13; 2 Carmody's New York Practice, No. 488.

A general rule of New York is that in a suit between nonresidents on a cause of action arising without the State, the nonresident defendant cannot plead the New York statute of limitations if the

statute of limitations has not run where the cause of action arose. Meyers v. Credit Lyonnais, 259 N.Y. 399, 182 N.E. 61, 83 A.L.R. 268. But in this rule, as in the other rules concerning statutes of limitation, residence is not legal residence, but factual presence. To be considered a resident within the meaning of these laws, though legally a resident of another State, defendant must come into the State with such regularity and notoriety that service can be made upon the defendant with reasonable diligence. Mack v. Mendels, 249 N.Y. 356, 164 N.E. 248; McConnell v. Caribbean Petroleum Co., 278 N.Y. 189, 15 N.E.2d 573; Dougherty v. Seigle, 181 Misc. 674, 42 N.Y.S.2d 646. Tolling of the statute of limitations is likewise dependent upon the defendant's absence from the State for periods of more than four months. N. Y. Civil Practice Act, § 19.

The facts in this case are that from February 1, 1942 until October 15, 1942, and from March 17, 1943 until October 27, 1943, defendant was regularly attending her place of business in New York. She was in her office in Carnegie Hall and in her apartment nearby three or four times a week. She could have been found by one searching for her with due diligence. Allowing for the period tolled by her restraint, defendant has been present in this city and amenable to process for fifteen months. This is three months more than the statute of limitations. The statute of limitations of New York has run, and the first cause of action is barred.

Motion granted.