Frank Del Vecchio, J.
This is a motion under rule 107 of the Rules of Civil Practice for an order dismissing the third cause of action in the second amended complaint upon the ground that the cause of action did not accrue within the time limited by law for the commencement thereof.
The events which have preceded this motion are these: On July 2, 1948 the plaintiff sustained personal injuries as the result of an accident occurring on that date. Approximately two years and nine months later, on March 8, 1951, he commenced an action by service of a summons and complaint on the above-named defendants wherein it was alleged that, on the date of the accident, defendants were engaged as general contractors in the construction of a house at certain described premises; that in connection. therewith the defendants were maintaining a pit and a plankwalk over such pit adjacent to the building under construction; that while lawfully on the premises and proceeding carefully from the building over the plankwalk it broke causing plaintiff to fall into the pit and sustain serious personal injuries; that the pit had existed for some time and constituted a nuisance and a trap; that defendants placed a defective plank over the pit for purpose of ingress to and egress from the house to all persons lawfully on the premises; and that plaintiff’s injuries were caused solely by the negligence of the defendants and through no fault or negligence on the part of the plaintiff. Defendants’ answer pleaded a general denial of the allegations of negligence and the case came to trial before a jury on January 5, 1954 when the plaintiff was awarded a' verdict in the sum of $5,000. On appeal, the judgment was reversed by the Appellate Division, Fourth Department, and a new trial ordered. (286 App. Div. 949.)
On November 14,1955 plaintiff moved for an order permitting him to serve an amended complaint setting up a violation of section 240 of the Labor Law as a basis for a recovery against defendants. The motion was granted with certain conditions by Mr. Justice Henry A. Hudson (153 N. Y. S. 2d 993); the court declined however to decide whether the proposed pleading constituted a new and different cause of action',based upon a different obligation or liability or whether it was an enlargement or extension of the cause of action already pleaded.
After service of an amended complaint defendants moved for an order requiring the plaintiff to separately, state and *940 number each. cause of action alleged. The motion was granted by Mr. Justice Eugene F. Sullivan who concluded that the amended complaint joined two separate and distinct causes of action — one in common-law negligence and one based on a violation of a statutory duty imposed by section 240 of the Labor Law. (Opinion May 29, 1957.)
Following service of the second amended pleading — some nine years after the accident — defendants now move to dismiss the latter cause of action on the ground that more than six years have elapsed since the cause of action arose. (Civ. Prac. Act, § 48.) In opposition, plaintiff argues that the claim for damages predicated on a breach of section 240 of the Labor Law is not a new cause of action or that, if it be deemed a new cause of action, it is based on the same claim or obligation as alleged in the original complaint and hence is not barred by the Statute of Limitations.
As stated above, Mr. Justice Sullivan has already determined that the allegations relating to violation of the Labor Law ‘‘ constitute a separate and distinct cause of action ’ \ As to that issue — necessarily decided on the application to compel plaintiff to separately state and number — this court feels bound by the decision of Mr. Justice Sullivan. “ The courts have repeatedly held that one justice at Special Term may not review and set aside an order made by another justice.” (Endurance Holding Corp. v. Kramer Surgical Stores, 227 App. Div. 582, 584.) .
Moreover, as will appear shortly, this court is in complete accord with the determination previously made.
The single question remaining — which was expressly left undecided on the two previous motions — is whether the new cause of action pleaded as the third cause of action in the second amended complaint is barred by the Statute of Limitations.
Plaintiff asserts that, if the new cause of action does not substitute an entirely new obligation or liability, but is predicated on the same occurrence, the same facts and the same claim as that originally pleaded and merely expands and amplifies it, the amended pleading will be said to relate back to the commencement of the action. Assuming that statement to be correct (see Lewis v. Wilson & Co., 275 App. Div. 9), plaintiff is not aided thereby on the present motion since, in the opinion of this court, the "cause of action arising from section 240 of the Labor Law is an entirely new obligation predicated upon different facts and a different liability from those set up in the original pleading.
*941 The allegations set forth in the complaint served on March 8, 1951 have been briefly summarized above. These constitute a common-law action in negligence in which reasonable care is the test and the plaintiff bears the burden of proving defendants’ negligence and his own freedom from contributory negligence.
The same is not true in an action predicated on a violation of section 240 of the Labor Law. That section provides in part as follows: “ A person employing or directing another to perform labor of any kind in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed or directed.”
The statute has established a new duty and a new test of liability for employers engaged in the specified areas of work. “ Negligence in construction is not the point at issue. However careful the master, he is responsible unless the scaffold is in fact a proper one — proper to protect the workman in his work.” (Ross v. Delaware, Lackawanna & Western R. R. Co., 231 N. Y. 335, 338.) Section 240 creates a duty different from any existing at common law; ‘ ‘ For breach of that duty, thus absolutely imposed, the wrongdoer is rendered liable without regard to his care or lack of it.” (Koenig v. Patrick Constr. Corp., 298 N. Y. 313, 318.) Contributory negligence — a complete bar to the common-law action pleaded in the original complaint — is not available in the action predicated on the Labor Law provision. (Koenig v. Patrick Constr. Corp., supra.)
Finally, it is apparent from the wording of the statute — and it has been so held — that a plaintiff seeking to avail himself of the statutory cause of action must establish that he falls within the class- intended to be benefited, i.e., that he was a person employed or directed by the defendant to do the work specified in the statute. (Sweeney v. Spring Prods. Corp., 257 App. Div. 104, affd. 282 N. Y. 685; see, also, Koenig v. Patrick Constr. Corp., supra, p. 319.) Absent such proof, it is error to charge section 240 of the Labor Law and a judgment entered on a verdict returned thereon must be reversed. (Sweeney v. Spring Prods. Corp., supra.)
An examination of the original complaint herein fails to reveal any allegations that defendants had engaged plaintiff *942 to perform work, labor or services in connection with any work specified in section 240 of the Labor Law being carried on by defendants. In fact, nowhere in the complaint does it appear what plaintiff’s status was or that he was employed by defendants at all.
Thus it is apparent that both the facts and the liability pleaded in the first complaint are different from those which give rise to the third cause of action pleaded in the second amended complaint. The one action depends upon negligence by the defendants; the other depends upon statutory liability on the defendants created by a relationship between the parties which is no part of the negligence action. The latter is founded on a new liability creating a new cause of action which, absent the statute, would not exist. In those circumstances the Statute of Limitations continued to run on the new and statutory cause of action. (Harriss v. Tams, 258 N. Y. 229; McConnell v. Caribbean Petroleum Co., 278 N. Y. 189.)
Accordingly, the motion to dismiss the third cause of action in plaintiff’s second amended complaint pursuant to rule 107 of the Buies of Civil Practice, upon the ground that the cause of action therein alleged did not accrue within the time limited by law for the commencement thereof, is granted.
Prepare order.