In the Matter of MARTIN SHEPARD, Respondent, *v.* WILLIAM ALANSON WHITE INSTITUTE OF PSYCHIATRY, PSYCHOANALYSIS and PSYCHOLOGY, Also Known as WILLIAM ALANSON WHITE INSTITUTE, Appellant.

First Department, April 9, 1974.

*Moss, Wels & Marcus* (*Richard H. Wels* and *Michael L. Trop* of counsel), for appellant.

*Faulkner & Schmidt* (*Eric W. Schmidt* of counsel), for respondent.

NUNEZ, J. P. Petitioner, a practicing licensed psychiatrist, instituted this article 78 proceeding in April, 1970 for judgment directing respondent, the William Alanson White Institute of Psychiatry, Psychoanalysis and Psychology, also known as the William Alanson White Institute ("Institute") to award him a

certificate in psychoanalysis and/or damages. The Institute is an educational corporation, chartered by the Regents of the University of the State of New York and, pertinent to the instant matter, provides instruction in psychoanalysis and psychiatry to psychiatrists leading to a certificate in psychoanalysis. Petitioner was registered by the Institute for training leading to the certificate in psychoanalysis in 1964.

On January 13, 1970, the director of training wrote to inform petitioner that the training committee had decided to " drop you from further training  *  *  *  since you have failed to meet the criteria for graduation." Upon inquiry, the petitioner was advised that commencing with 1966 he had been alerted by the training committee to the fact that he was encountering serious difficulties in his training and that his progress was not meeting the standards of the Institute and that in its most recent evaluation of petitioner, the training committee unanimously concluded, on the basis of petitioner's entire record at the Institute, that his performance had not been satisfactory and that it could not recommend him for graduation and for the coveted certificate.

The gravamen of petitioner's complaint challenged the Institute's determination upon procedural and substantive grounds, including an allegation that the Institute did not dismiss petitioner for the reasons it stated, but rather because he had coauthored a book, " Games Analysts Play " which satirizes orthodox psychoanalytic practices. Respondent cross-moved to dismiss the proceeding. Special Term denied the cross motion and granted the petition to the extent of remanding the matter to the respondent Institute for a full hearing in accord with the court's decision and the applicable law. The court in its opinion recited certain actions by the Institute and referred to its failure to comply with its own rules in certain respects, characterizing such conduct as capricious and arbitrary.

Thereafter, on October 20, 1970, the Institute by letter to petitioner outlined the reasons why the training committee could not recommend that he be certified as qualified to engage in the practice of psychoanalysis. Petitioner was further advised that a hearing would be held on November 2, 1970 at which petitioner would be afforded an opportunity to be fully heard with the aid of counsel and to submit any relevant evidence. That hearing was held. Petitioner was represented by counsel and a transcript of the proceedings thereafter furnished to him.

On April 19, 1971, the training committee reaffirmed its original view and recommendation that petitioner no longer be enrolled as a candidate because he had not achieved the degree

of competence which meets the standards of the Institute and that it could not conscientiously certify such competence by issuing a certificate to petitioner. Such conclusion was approved by the Institute's council of fellows on the same date.

On April 20, 1971, the training committee wrote petitioner a comprehensive letter detailing the basis for its determination of the previous day and denied that its decision was in any way influenced by its disapproval of petitioner's book " Games Analysts Play."

Almost one year after receipt of the April 20, 1971 letter, petitioner applied for leave to amend the original petition. The " amendment " consisted of reciting the actions that had taken place since and pursuant to the order of remand. The proposed amended petition alleged that the hearing afforded to him did not meet the required standards of the " full hearing " ordered by Justice HELMAN. Paragraph 24 of the proposed amended petition alleged that the April 1971 decision " finally determined the rights of petitioner with respect to the matters to be reviewed ". The relief demanded in the amended petition is the same as that requested in the original petition.

Respondent opposed the application for leave to amend upon the ground that the four-month period of limitations from the date of the determination had expired. (CPLR 217.) Special Term (GOMEZ, J.) granted the motion " for an order permitting amendment * * * only to the extent that petitioner is permitted to amend the petition herein in the form annexed to said motion ". In his opinion-decision, GOMEZ, J. stated " in an order filed July 13, 1970, Justice HELMAN granted the respondent leave to serve an answer within 20 days. To date, no answer has been served. Accordingly, the present motion is granted by default ". Leave was granted then as an " absolute right " upon respondent's failure to answer. No appeal was taken from that order. Respondent served its answer which contained the defense of Statute of Limitations.

In December 1972, petitioner moved at Special Term for an order granting judgment in his favor. Respondent Institute cross-moved for judgment dismissing the proceeding as time barred for failure to commence same within 4 months after the determination herein became final. Special Term (HELMAN, J.) granted the motion to the extent of setting the matter down for a hearing to determine whether respondent's decision was arbitrary and capricious. The cross motion for dismissal was denied. In denying the instant cross motion Justice HELMAN erroneously stated that respondent had cross-moved for similar

relief before Mr. Justice GOMEZ. Justice HELMAN felt constrained, under such circumstances, to conclude that Justice GOMEZ had considered and passed on the merits of respondent's argument and had rejected same. In fact, no such cross motion had been made before Justice GOMEZ. The record clearly shows that Justice GOMEZ did not consider the merits of the amended petition or of any defenses that might be interposed thereto, but rather determined the application upon the "default" of respondent to answer as directed by the original order of HELMAN, J.

CPLR 217 provides that an article 78 proceeding against a body or officer "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner". Petitioner-respondent seeks to avoid the bar of CPLR 217 on two grounds, i.e. (1) that his amended petition was an integral part of the original proceeding commenced on April 28, 1970, and (2) that respondent-appellant's determination of April 19, 1971 was not final and binding on him, since its own rules require that all final determinations concerning a student's status must be made by the council of fellows and he was not advised of any action by the council until after petitioner-respondent sought leave to serve his amended petition. The latter claim flies in the face of petitioner's own allegation in paragraph 24 of his amended petition that respondent-appellant's determination of its training committee officially communicated to him on April 20, 1971, "finally determined the rights of petitioner with respect to the matters to be reviewed; it cannot be adequately reviewed by an appeal to a court or some other body or officer." CPLR 7801 specifically provides that a proceeding thereunder shall not be used to challenge a determination which is not final.

Petitioner seeks to challenge the determination resulting from the hearing after remand. Manifestly, had he chosen to initiate a new proceeding, the four-month statute would have barred him. The method chosen by petitioner appears to be an obvious attempt to circumvent the time limitation statute. The amended petition pleads a new cause of action. It is directed against and seeks redress from the Institute's determination of April 19, 1971. Viewed as such, the amended petition constitutes a supplemental pleading and as such is time barred. (See *McConnell v. Caribbean Petroleum Co.*, 278 N. Y. 189; *Matter of Feller v. Wagner*, 7 A D 2d 126 [1st Dept., 1958]; *Matter of Camperlengo v. State Liq. Auth.*, 16 A D 2d 342 [1st Dept., 1962]; and *Matter of Koukla, Inc. v. New York State Liq. Auth.*, 37 A D 2d 955 [1st Dept., 1971].)

The order entered in Supreme Court, New York County (HELMAN, J.) on July 13, 1973, granting petitioner's application to the extent of ordering a hearing to determine whether respondent's decision was arbitrary and capricious and denying respondent's cross motion to dismiss the petition should be reversed on the law, without costs or disbursements; petitioner's motion for judgment and for an assessment of damages should be denied and respondent's application to dismiss the amended petition as time barred by CPLR 217 should be granted without costs or disbursements.

The order entered October 9, 1973 denying respondent's motion to resettle the above order dated July 13, 1973 should be modified so as to recite the reply affirmation of Eric W. Schmidt, sworn to February 20, 1973, and otherwise affirmed without costs or disbursements. The order should have recited Mr. Schmidt's affirmation as one of the documents submitted. We have considered the other corrections sought and find them more a matter of semantics than substance.

KUPFERMAN, MURPHY, STEUER and MOORE, JJ., concur.

Order, Supreme Court, New York County, entered on July 13, 1973, unanimously reversed, on the law, without costs and without disbursements, petitioner's motion for judgment and for an assessment of damages denied and respondent's application to dismiss the amended petition as time barred by CPLR 217 granted.

Order, Supreme Court, New York County, entered on October 9, 1973, unanimously modified so as to recite the reply affirmation of Eric W. Schmidt, sworn to February 20, 1973, and otherwise affirmed, without costs and without disbursements.