Plaintiff seeks to recover damages for the alleged wrongful death of her husband who was killed in an automobile collision on February 5, 1940. The defendant in this suit is the Louisiana Department of Highways and the death of plaintiff's husband is alleged to have been caused by the negligence of an employee of said Department. *Page 411 
This suit was filed on May 6, 1941, more than one year after the death of her husband but less than one year after Act 353 of the Legislature of 1940, an Act passed at the regular session of the Legislature, became effective, which granted plaintiff the right to institute this suit. The Act became effective August 1, 1940, and provided the forum and the manner in which the judgment should be paid in the event plaintiff was successful in her suit. The Act failed to provide a limitation period in which the suit should be filed.
Defendant filed pleas of vagueness and of one year prescription. The lower court sustained the plea of vagueness and ordered plaintiff to amend her petition and also sustained the plea of one year prescription and dismissed plaintiff's suit.
Plaintiff's suit having been filed in forma pauperis, she was granted a devolutive appeal without bond to this court. In this court defendant has filed a motion to dismiss the appeal based upon the allegation that the appeal was lodged in this court more than three days after the return day. The return day fixed by the lower court was June 22, 1942, and the appeal was lodged here on June 29, 1942. Appellee does not charge appellant with any fault in the failure of the Clerk to lodge the appeal here on time.
The appeal was granted without bond and appellant was relieved of the duty to provide any costs in advance. Without an allegation or showing that the appeal was not returned here on time because of the fault of appellant, in such a case it will be presumed that the Clerk of Court failed to perform the duties required of him in lodging the case here and the appeal will not be dismissed. Stockbridge v. Martin, 162 La. 601, 110 So. 828; Twin City Motor Company v. Pettit, La.App., 177 So. 814; Bolton v. Eznack, La.App., 187 So. 840; Wilson v. Lee, La.App., 196 So. 373.
The motion is therefore dismissed.
Since the lower court sustained the plea of vagueness and ordered plaintiff to amend her petition in the same judgment in which it sustained the plea of prescription of one year and dismissed plaintiff's suit, it will be unnecessary to pass upon the plea of vagueness until the plea of one year prescription is disposed of. Article 2315 of the Revised Civil Code governs the acts of tort in which an individual is liable to another in damages. It provides as follows:
"Torts — Liability — Survival of action. — Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children or surviving spouse of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving brothers and sisters or either of them, for the space of one year from the death; provided that should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and minor children; provided further, that the right of action shall accrue to the major children only in cases where there is no surviving spouse or minor child or children.
"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters as the case may be." (as amended, Acts 1884, No. 71; 1908, No. 120; 1918, No. 159).
Article 2316 of the Revised Civil Code makes every individual responsible for his negligence, his imprudence and want of skill in addition to his mere acts, and Article 2317 of the Revised Civil Code creates liability as respondeat superior and applies to private corporations, etc., but not to the sovereign State. None of these Articles of the Code or any other general Act make the State of Louisiana or its departments liable in tort to anyone for acts, negligence, imprudence or want of skill.
Article 2315 of the Revised Civil Code, which after all is a legislative Act, created a cause of action for a period of one year from the date of death in favor of an individual who has been damaged as provided in said Act and if an action is not brought within the year, the cause of action is lost.
Under the above cited Articles of the Civil Code, plaintiff never had a cause or right of action against the State of Louisiana or any of its departments. Her right and cause of action only arose upon the passage of Act 353 of the Legislature of 1940. If the Legislature had not created her right and cause of action *Page 412 
until 1950, she still would not have had a right or cause of action until the passage of the Act. The Louisiana Constitution of 1921, Article 3, Section 35, gives the Legislature authority to authorize suits to be filed against the State and provides that it shall prescribe a method and procedure and the effect of a judgment rendered therein. The Legislature can designate a forum, limit the time in which the suit must be filed and prescribe any other reasonable restrictions. It is not obliged to give the same time for assertion of rights against the State as that granted for the assertion of rights by one individual against another. The Act alone creates the right of action and any period of limitation fixed by said Act governs.
Rights once created survive until destroyed by positive law. They do not cease unless a period of limitation is fixed by law and a period of limitation is purely of statutory origin. Without such a statute there is no period of limitation to any right of action. Act 353 of 1940, which created a right of action in plaintiff's favor, did not prescribe a period of limitation. Her right of action against the State Department of Highways is governed solely by said Act and since no period of limitation is fixed by the Act, certainly her right and cause of action have not prescribed.
The lower court erred in sustaining the plea of prescription of one year and dismissing plaintiff's suit and on that ruling the judgment of the lower court is reversed.
Appellant does not seriously contest the ruling of the lower court on the plea of vagueness and without going into a detailed discussion of said plea, we are convinced of the correctness of the lower court's ruling thereon. The decision, insofar as it affects the plea of vagueness is affirmed.
It therefore follows that the judgment of the lower court, insofar as it sustains the plea of prescription of one year, is reversed and the plea is now overruled. The judgment sustaining the plea of vagueness and ordering plaintiff to amend or answer the plea by amendment to her petition and fixing the time therefor, is affirmed; the case is remanded to the lower court to be proceeded with in accordance with this opinion. Costs of appeal to be paid by appellee and all other costs to await the final determination of the case.
HAMITER, J., concurs.
 On Application for Rehearing.