Elizabeth Schmalzl, Appellee, v. Derby Foods, Inc. et al., Appellants.

Gen. No. 44,970.

Heard in the first division of this court for the first district at the October term, 1949. ▓▓▓▓▓▓ Opinion filed June 19, 1950. Rehearing denied September 6, 1950. Released for publication September 7, 1950.

EDWARD L. S. ARKEMA, JAMES A. DOOLEY, LOUIS B. SIMON and LEO S. KARLIN, all of Chicago, for certain appellants; LEO S. KARLIN, of Chicago, of counsel.

JOSEPH D. RYAN, LOUIS G. DAVIDSON and LOUIS P. MILLER, all of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff brought her action against Derby Foods, Inc. (for convenience hereinafter referred to as Der-

by), Vernon Gerbracht and James Schumacher, individually and as co-partners, doing business as Slim and Jim (for convenience referred to as Slim and Jim), and Frederick Gerbracht, for personal injuries resulting from alleged negligence of defendants in the operation of an automobile which collided with an automobile in which plaintiff was riding. A trial with a jury resulted in a verdict for plaintiff for $5,000, against all of the defendants. Derby moved for judgment *non obstante veredicto,* which motion was allowed and judgment entered accordingly, from which plaintiff cross-appeals. The appeal by the other defendants is from the judgment entered upon the verdict after motions for a new trial had been denied.

■ At the close of plaintiff's evidence, and again at the close of all the evidence, plaintiff moved to dismiss the action against defendant Frederick Gerbracht, which the trial court denied. This defendant did not object to plaintiff's motion but joined in it and, therefore, the provision of the Civil Practice Act with reference to voluntary dismissal (ch. 110, par. 176, sec. 52, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 104.052]) now relied upon by plaintiff, does not apply, and the court should have dismissed the action as to this defendant, in which event there would have been neither verdict nor judgment against him. As to the cross-appeal by plaintiff involving Derby, plaintiff has stated her position in her brief as follows: "This cross appeal is urged by the plaintiff only in the event the judgment against Slim and Jim is reversed, and the case remanded for another trial."

The facts out of which this accident arose, as borne out by the evidence, are as follows: The car in which plaintiff was riding was driven by plaintiff's witness Warren. For approximately two years plaintiff had been going to and from her work with the owner of the car. She never directed the driver how to drive or where to go, and at no time paid for gas or oil,

and had no definite financial arrangement concerning transportation. Occasionally she gave the driver a gratuity of one dollar, sometimes a dime, and at other times the driver refused to accept any money.

The other car involved in the accident was owned by Derby. Defendant's witness Eichman was the employee and agent of Derby, and from time to time was given the use of several cars, including the one involved in the accident, owned by Derby, in the performance of his duties for Derby. The custom was established that whenever Eichman had the use of any of the Derby cars, and when he finished his duties, he would be permitted to and did take such car to his home, allowing it to stand all night in front of his home. Whenever any of these cars needed repair or service, the car was taken to Slim and Jim for that purpose. For several months before the accident the practice had developed, when such car was taken by Eichman to Slim and Jim, that one or the other of them would drive him home from the service station. On the day in question, the manager of Derby directed Eichman to take the car in question to Slim and Jim for service. Eichman made the usual request to be driven home. Vernon Gerbracht, one of the partners of Slim and Jim, being busy in the service station, directed his brother Fred to drive Eichman home. It was on the return from the Eichman home to the service station that the Derby car, driven by Fred, met with the collision, resulting in injuries to plaintiff.

Slim and Jim now contend: (1) that Fred was not the agent of Slim and Jim, and that he performed no service on their behalf, but that whatever he did was for the sole benefit of either Eichman or Derby or both; (2) that the operation of the car in which plaintiff was riding was a joint enterprise and, therefore, there was such control over the car by plaintiff that the negligence, if any, of the driver should be imputed to her; and (3) that instruction numbered 42

for plaintiff, which we shall presently discuss, was erroneous.

■ There is no merit in the first contention, because the jury answered a special interrogatory in the affirmative that the driver, Fred Gerbracht, was acting as the agent and servant of Slim and Jim at the time and place of the accident in question. We think that the evidence fully justifies this finding by the jury, because the driver was directed by one of the partners of Slim and Jim to take Eichman home in the car and return it to the service station, which, according to the established custom, was a part of the service rendered by Slim and Jim whenever a Derby car was brought in for service.

■■ As to the second contention, Slim and Jim chiefly rely upon *Grubb v. Illinois Terminal Co.*, 366 Ill. 330. The very test of joint enterprise declared in the case cited shows that it has no application to the facts in the instant case. In a joint enterprise there must be community of interest in the purposes of the undertaking and some right to direct and govern the movements and conduct of each other in connection therewith. The undisputed facts in the instant case show the total lack of the elements necessary for joint enterprise. *Birnbaum v. Kirchner,* 337 Ill. App. 25, pointed out the elements of a joint enterprise and that the doctrine of the *Grubb* case did not apply to the facts in the case cited.

■ As to the third contention, the instruction complained of reads:

"The court instructs you that if you believe from the preponderance of the evidence, under the instructions of the Court, that the defendants were guilty of negligence in the management and operation of their said automobile at the time and place in question, as charged in plaintiff's complaint, and if you further believe from the preponderance of the evidence that

394

such negligence, if any, caused or proximately contributed to cause the accident and injury, if any, complained of by the plaintiff in this case, and if you further believe from the preponderance of the evidence that the plaintiff was, at and before the happening of said accident, in the exercise of ordinary care for her own safety, then you should find the said defendants guilty."

The chief complaint made about this instruction is that it omits the element of agency of the driver of the car, the principal defense relied upon by said defendant. Under the holdings in *Kanousis v. Lasham Cartage Co.,* 332 Ill. App. 525; *Pardridge v. Cutler,* 168 Ill. 504, and *Woods v. Chicago, B. & Q. R. Co.,* 306 Ill. 217, and many other cases, this instruction would be held erroneous because it directs a verdict and omits an essential element to the right of plaintiff's recovery, except for the fact that the special finding, already referred to, removes whatever claimed harm exists in the omission of the essential element in the instruction. It was so held in *Mt. Olive & Staunton Coal Co. v. Rademacher,* 190 Ill. 538, and cases there cited.

■ The special finding and general verdict against Slim and Jim are not against the manifest weight of the evidence.

No question is raised as to the damages.

In the light of the stated position of plaintiff as to Derby, and her motion to dismiss as to Frederick Gerbracht, the judgment as to Derby is affirmed, and the judgment as to Frederick Gerbracht is reversed. The judgment as to Slim and Jim is affirmed.

*Affirmed in part and reversed in part.*

TUOHY, P. J., and NIEMEYER, J., concur.