Donald WITHERS, Appellant,

v.

David Theron STIMMEL, Appellee.

No. 16080.

Court of Civil Appeals of Texas.

Dallas.

Nov. 23, 1962.

Rehearing Denied Dec. 14, 1962.

Thompson, Knight, Wright & Simmons, Pinkney Grissom, Timothy E. Kelley and John A. Gilliam, Dallas, for appellant.

Geary, Hamilton, Brice & Lewis and Ray Besing, Dallas, for appellee.

DIXON, Chief Justice.

This appeal calls on us to construe the Guest Statute of another State. Ch. 95½. Sec. 9–201 of the Revised Statutes of the State of Ilinois (1957).[1]

The Illinois Statute, unlike most Guest Statutes, expressly includes persons engaged in a joint enterprise. In other words the Statute denies recovery to an injured person while engaged in a joint enterprise with the owner or driver of an automobile, unless the accident was caused by wilful and wanton misconduct.

On December 18, 1959 three young men, Appellant, Donald Withers, appellee, David Stimmel and John Randolph Curry were riding in an automobile proceeding south on U. S. Highway 66. All three were students at the University of Michigan. They had started their journey at Ann Arbor, Michigan and were on the way to their homes in Texas to spend the Christmas holidays with their families.

At a point on the Highway about eleven miles south of Pontiac, Illinois, a collision occurred with another vehicle in which collision appellee Stimmel was injured.

---

1. The portion of the Illinois Statute material here is as follows:

"No person riding in or upon a motor vehicle * * * as a guest without payment for such ride, *or while engaged in a joint enterprise with the owner or driver of such motor vehicle* * * * shall have a cause of action for damages against the driver or operator of such motor vehicle or motorcycle, or its owner or his employee or agent for injury, * * * in case of accident, unless such accident shall have been caused by the *wilful and wanton misconduct of the driver or operator* of such motor vehicle * * * or its owner or his employee or agent and unless such wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought." (Emphasis ours).

Stimmel was the owner of the car, a Volkswagen, in which the three students were riding, but he was not driving it at the time of the accident. He was on the back seat asleep. The car at the time was being driven by appellant Donald Withers.

Appellee Stimmel, the owner of the car, brought suit in a District Court in Dallas County, Texas against appellant Withers, the driver of the car, for damages arising out of the collision. A jury in answering Special Issues found that the collision was proximately caused by the negligence of appellant Withers in operating the car at an excessive rate of speed. But the jury further found in answer to Special Issue No. 5 that the conduct of Withers was not wilful and wanton; and in answer to Special Issue No. 6 that appellant and appellee were not engaged in a joint enterprise.

Appellant filed a motion for judgment disregarding the jury's answer to Special Issue No. 6 and in the alternative for judgment non obstante veredicto. The motion was overruled. Judgment was rendered in favor of appellee on the jury verdict in the amount of $746.26 with interest and court costs.

It is appellant's contention that it was necessary under the Illinois Statute for appellee to prove that appellant was guilty of wilful and wanton misconduct because the evidence established *as a matter of law* that the parties were engaged in a joint enterprise. Therefore we must examine the evidence with great care.

Curry, whose home was in Houston, Texas, had on another occasion ridden with Stimmel as far as Dallas, Texas, Stimmel's place of residence. Shortly before December 18, 1959 Curry contacted Stimmel with a view to accompanying him again if Stimmel should be driving to Dallas for the Christmas holidays. Stimmel did not decide until December 17th to drive to Dallas again. He agreed that Curry might ride with him.

Curry knew appellant Withers, whose home was in Irving, Texas. On December 17th Curry contacted Stimmel and arranged for Withers to ride in Stimmel's automobile as far as Dallas. Stimmel did not know Withers. He was introduced to Withers for the first time on December 18th shortly before the three men departed in Stimmel's car.

Stimmel testified at the trial that on December 18th he asked Withers whether he knew how to drive a Volkswagen Withers answered that he did. However Stimmel also testified that permission for Withers to ride with him was not dependent on Withers' knowing how to operate a Volkswagen. He told Withers that he did not have to drive if he did not want to.

The evidence is to the effect that there was no specific agreement for the men to share the driving time, although there may have been implied understanding that they would do so. Actually they did take turns about driving.

The evidence is in conflict as to whether there was an agreement to share expenses. There is testimony that Stimmel had estimated that the expense of operating the car would be about $15.00. Actually Stimmel, the owner of the car, paid for all of the oil and gasoline purchased during the trip and made no demand on either Curry or Withers for reimbursement in whole or in part. The testimony, though not entirely undisputed, is that they did not pay Stimmel any money.

It is undisputed that Stimmel was not acquainted with Withers before the trip, had never had any business relations with Withers or Curry and that no business or social activities between them were contemplated after they reached Dallas.

On the subject of the *right* of control of the car, the testimony is that Stimmel, the owner of the car, at all times had the right of control. Since we consider the *right* to control the car is a paramount

matter in this case we quote pertinent testimony:

Appellee Stimmel:

"Q Expressed or implied, did you have any agreement with Mr. Withers and Mr. Curry about who would control the details of the trip or what route to take or how fast to drive or which street to drive on, or anything of that kind?

"A Yes, I am sure it was considered that way.

"Q As far as you were concerned, if something had happened during the course of the trip that you didn't like, do you feel that you would have had the right to say, —Now, look, boys, I want to go to see my aunt in Oklahoma,— or something to that effect,—if you don't like it, you can ride some place else, * * *?

"A Yes, sir.

* * * * * *

"Q And at all time, as you have told the attorney, you had the right to control how this automobile was going to be used?

"A That is correct. * * *"

Curry:

"Q Would you say that since it was Mr. Stimmel's car, that he had the right to control it? I mean as to where you were going?

"A Yes, he had a right to control his own automobile.

* * * * * *

"Q At least so far as controling the automobile, at any time he could have stopped and said, 'Well, boys, I've decided to stop off in Oklahoma City to see my aunt. If you want to go, all right. If you don't you can get out here.'?

"A . I suppose he could have. * * *"

Appellant Withers:

"Q Was there ever at any time an agreement or understanding that you would have the right to control the automobile?

"A At all times, or when I was actually driving?

"Q Well, the right to control rather than actually exercising it when you were driving; was there any discussion or agreement between you and Mr. Stimmel and Mr. Curry, that you all would each have the right to control the conduct of the trip and who was going to go where and who was going to drive, and all of that sort of thing?

"A No."

The testimony is undisputed that appellee Stimmel did not attempt to direct either Curry or appellant Withers as to the manner in which either of them was to drive the car. For at least part of the time while Withers was driving Stimmel could not have done so, for he was asleep on the back seat.

Appellant agrees with us in our analysis of the testimony in regard to appellee's *right* of control of the automobile. We quote from appellant's brief on appeal: "The occupants also testified that at no time did Appellee attempt to direct the manner in which his automobile was being driven by the Appellant. * * * *There was testimony by John Curry and the Appellee himself, however, that the Appellee at all times had the right to control the manner in which his automobile was to be used."* (Emphasis ours).

Again we quote from appellant's brief: "It is well established in Illinois, as in Texas, that there is an inference of a right to control the driver's conduct in the passenger's ownership of the automobile. * * * While this inference may be rebutted by the owner's showing that he contracted away or abandoned that right, the testimony of the appellee, himself, was

that this right of control was retained at all times. * * * *Even in the absence of the appellee's own testimony, however, the facts presented do not rebut the inference of control in the appellee.*" (Emphasis ours).

## OPINION

Suits based on tortious conduct are governed by the substantive law (though not procedural law) of the State where the acts occurred, Art. 4678 Vernon's Ann.Civ.St.; 12 Tex.Jur.2d 312; 15 C.J.S. Conflict of Laws § 4, page 862. Therefore it is our duty to ascertain and to apply as best we can the law of the State of Illinois to the facts before us in this case. Unfortunately we have not been cited to any case and we have not found any which construes the Illinois Statute with reference to what constitutes a joint enterprise. There are Illinois cases which deal with the subject of joint enterprise but they were not brought under and do not construe the Statute with which we are here concerned. In the absence of Illinois authority on the subject we may look to the holdings in other jurisdictions to aid us in reaching a decision.

Appellant's one point on appeal asserts in substance that the trial court erred in overruling his motion for judgment disregarding the jury's answer to Special Issue No. 6 (wherein the jury found that the parties were *not* engaged in a joint enterprise), and in the alternative for judgment non obstante veredicto.

The parties are agreed that this appeal presents only one question for our consideration: does the evidence in this case establish *as a matter of law* that appellant and appellee were engaged in a joint enterprise or a joint venture immediately prior to the collision?

The trial court in connection with the submission to the jury of Special Issue No. 6 gave the following instruction:

"The occupants of a conveyance are deemed to be on a joint enterprise where they have not only joint interest in the object and purpose of the enterprise, but also an *equal right,* express or implied, to control the conduct of each other in the operation of the conveyance." (Emphasis ours).

The above instruction was submitted without objection. It is not attacked in this appeal. We think it correctly states the applicable law. It closely follows the statement in 65 C.J.S. Negligence § 168, page 814 where it is supported with citations of cases from many jurisdictions. See also Birnbaum v. Kirchner, 337 Ill.App. 25, 85 N.E.2d 191, 193; Schmalzl v. Derby Foods, 341 Ill.App. 390, 94 N.E.2d 86, 88; Woodman v. Peck, 90 N.H. 292, 7 A.2d 251, 255, 122 A.L.R. 1402; McCormick v. Stowe Lumber Co., Tex.Civ.App., 356 S.W.2d 450.

Appellant himself in his brief concedes that other facts, such as the sharing of the expenses, while given some weight, seems to be merely additional elements which the courts consider in determining whether the essential requirements have been satisfied. See 5-A Am.Jur. 767.

It is appellant's position here that his *right* of control over the automobile at the time of the collision is evident from the fact that he was actually driving the car; and that appellee, being the owner of the automobile, also had a right of control, though at the time of the collision he was asleep on the back seat. Thus the mutual right of control by appellant and appellee, is established, according to the appellant, by the undisputed evidence.

We find ourselves unable to agree with appellant. Under the circumstances of this case the fact that appellant was actually driving the car at the time of the collision does not mean that *as matter of law* he had an equal *right* with appellee to control the car, thus constituting the relationship of the parties that of joint venturers. The correct

rule, as we see it, is stated in 65 C.J.S. Negligence § 168, page 824:

"In accordance with the general rules * * * with respect to what constitutes a joint enterprise between occupants of conveyances, it is held that a mere guest or gratuitous passenger riding with the operator of a conveyance by invitation is not engaged in a common or joint enterprise with the operator, and this is so notwithstanding the guest * * * *takes turns in driving, * * * *.*" (Emphasis ours)

We have found no Illinois case in point, but turning to other jurisdictions we find that the above quoted statement from 65 C.J.S. Negligence § 168, page 824 has support in these cases: Webb v. Huffman, Tex.Civ.App., 320 S.W.2d 893, 897; Isaacson v. Boston, Worcester & N. Y. St. Ry. Co., 278 Mass. 378, 180 N.E. 118, 123; Outlaw v. Pearce, 176 Va. 458, 11 S.E.2d 600, 606; Carrol v. Hutchinson, 172 Va. 43, 200 S.E. 644, 649. We quote from a case relied on by appellant, McCormick v. Stowe Lumber Co., Tex.Civ.App., 356 S.W.2d 450, 454:

"Since the *right* to control the conduct of the driver and not the *actual* control of the driver's conduct constitutes the legal test, the question to be decided is: Did appellant have an equal right to control the conduct of the driver, Lou Anne Keller who was driving and operating the Knukel automobile at the time of the collision?"

In his motion for judgment disregarding the jury's answer to Special Issue No. 6 appellant in support of his motion cites Wheat v. Baltimore & O. Ry. Co., 7 Cir., 262 F.2d 289; Grubb v. Illinois Terminal Co., 366 Ill. 330, 8 N.E.2d 934; and Simaitis v. Thrash, 25 Ill.App.2d 340, 166 N.E.2d 306. None of these cases interprets or in any way involves the Illinois Guest Statute. They hold primarily that in suits by a third party against two persons engaged in a joint enterprise, the negligence of one of the joint venturers is imputable to the other. The rule is otherwise when, as here, we have one alleged joint venturer suing another alleged joint venturer. LaSage v. Pryor, 137 Tex. 455, 154 S.W.2d 446, 448; 65 C.J.S. Negligence § 157, p. 798; 5-A Am.Jur. 769. The three above cited cases relied on by appellant leave unanswered the question of the legal rights and obligations between an owner-occupant and his passenger-driver under the Illinois Guest Statute.

Appellant refers us also to the recent Texas case of McCormick v. Stowe Lumber Co., Tex.Civ.App., 356 S.W.2d 450, which has heretofore been referred to in this opinion. The case can be of little comfort to appellant. It expressly holds that the *right* to control not the *actual* control constitutes the test in passing on the question of joint enterprise. Neither of the two young ladies involved was the owner of the automobile. It was loaned to both of them by the mother of one of them. Under such circumstances the court held both had a right of control, so there was a joint enterprise.

It is held generally that the relation of joint enterprise presupposes the existence on antecedent agreement, express or implied. Schmid v. Eslick, 181 Kan. 997, 317 P.2d 459, 464; Spencer v. Pettibone et al., 117 Ind.App. 426, 70 N.E.2d 439; Powers v. State, 178 Md. 23, 11 A.2d 909, 912; Bonney v. San Antonio Transit Co., Tex. Civ.App., 317 S.W.2d 69, 71 (reversed on other grounds, 160 Tex. 11, 325 S.W.2d 117).

Of interest is the recent case of Peterson v. Winn, Idaho, 373 P.2d 925 where, in construing the Idaho Guest Statute the court held that a plaintiff-owner was not a guest while riding in his own automobile driven by another. The court takes notice of two conflicting lines of authority on the subject.

In the light of the authorities cited and quoted hereinbefore we have concluded that the evidence does not establish as a matter

of law that appellant and appellee were engaged in a joint enterprise at the time of the collision in question. Certainly the evidence, if it does not establish the contrary, creates fact issues which were determined adversely to appellant by the jury in answer to Special Issue No. 6. With regard to the elements of control or agreement, sharing of expenses, taking turns in driving, and equal control of the automobile, the evidence amply supports the jury verdict. Brockman v. Peoples Gas Light and Coke Co., 319 Ill.App. 115, 48 N.E.2d 802; Powers v. State, 178 Md. 23, 11 A.2d 909, 912; Bonney v. San Antonio Transit Co., Tex.Civ.App., 317 S.W.2d 69, 71; 5–A Am.Jur. 904; 65 C.J.S. Negligence § 261, p. 1177. Therefore we overrule appellant's point on appeal.

The judgment of the trial court is affirmed.