Evelyn FRANCIS, Appellant,

v.

HERRIN TRANSPORTATION CO., Inc.,
Appellee.

No. 52.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 3, 1968.

Rehearing Denied Jan. 31, 1968.

Joseph D. Jamail, John Gano, William J. Stradley, Houston, Eugene H. Lawes and Bass & Lawes, Lake Charles, La., for appellant.

Danny R. Edwards, Houston, for appellee.

BARRON, Justice.

Appellant, Evelyn Francis, widow of Lawrence Francis, deceased, brought this suit for damages by reason of injuries to and the death of her husband which occurred in the State of Louisiana. The suit was brought against Herrin Transportation Co., Inc., appellee here, and alleges general negligence on the part of Herrin Transportation Co., Inc. (hereinafter called Herrin). The accident occurred on April 18, 1966, and appellant filed suit on May 29, 1967, more than one year after the accident and death of Mr. Francis. Suit was filed in the District Court of Harris County, Texas. Herrin, by special exceptions and plea in abatement, contends that the cause of action accrued more than one year before the date of the filing of the petition and of the commencement of this action, and that under the laws of Louisiana where this cause arose, and of which laws the court has heretofore been asked to take judicial notice, an action for wrongful death must be brought within one year from date of accrual of such cause. Appellee contends that the cause here is barred forever under the Louisiana doctrine of peremption. Herrin duly and timely filed motion for judicial notice of the laws of Louisiana as required by Rule 184a, Texas Rules of Civil Procedure.

The trial court, after hearing, granted Herrin's plea in abatement and dismissed Mrs. Francis' action, holding in effect that the action was barred by the one-year prescription provisions of Louisiana law, and that the cause was perempted and destroyed after the expiration of one year from the accrual of the cause of action. Appellant, Mrs. Francis, excepted and has properly perfected her appeal to this court.

Appellant's contentions are that the trial court in dismissing appellant's cause of action for the death of her husband as being perempted in one year, directly violated the controlling Texas statutes and violated the public policy of this State as expressed by these legislative enactments, to-wit: Articles 4678 and 5526, V.A.T.S. Article 4678 provides that a citizen of Texas or of the United States may seek redress within the Texas limitation period, in a Texas court for damages occurring in another state, if the laws of the other state give such right of action, and provides that *procedural* matters shall be governed by the laws of Texas. Article 5526 provides for a two-year limitation period from time of death in an action resulting in death.

Appellant is a resident of Louisiana. Appellee is a Delaware corporation doing business in Texas and Louisiana. The injuries for which appellant sued were sustained in Louisiana and this suit was filed and prosecuted in Texas. The substantive laws of Louisiana must control appellant's rights of recovery, but procedural matters involved will be controlled by the laws of this state. Jones v. Louisiana Western Ry. Co., 243 S.W. 976 (Tex.Com.App.); Grandstaff v. Mercer, 214 S.W.2d 133 (Tex.Civ. App.), writ ref., n. r. e.; Withers v. Stimmel, 363 S.W.2d 144 (Tex.Civ.App.), writ ref., n. r. e.; 12 Tex.Jur.2d 312.

In Louisiana, prescription is similar to our statutes of limitations, while peremption is a substantive limit on the right of action. Statutes of peremption destroy the cause of action itself. See Succession of Roux v. Guidry, 182 So.2d 109, 110 (La. Ct. of App.), writ ref.; 13 Tulane L.Rev. 39 (footnote).

Appellant seeks to have applied the Texas two-year statute of limitations in this case and states that procedural matters (limitations) are governed by the law of the forum —Texas law. In support of her contention, she cites the case of Home Ins. Co. v. Dick, 15 S.W.2d 1028, 1029 (Tex.Com.App.), reversed, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926. That case involved a contractual action, an insurance policy on a boat totally destroyed by fire at Tampico, Mexico. Suit was filed in Texas after the expiration of one year from the accrual of the action. The policy of insurance in that case provided that no suit could be brought on the policy unless the suit was filed within one year, and sought to apply the law of Mexico's commercial code to the policy, which provided for a prescriptive period of one year in cases involving contracts of life insurance, sea and land. The *prescriptive* period in that policy was urged by the insurance company as a *peremptive* period, and it was contended that the provisions effectively terminated or killed the cause of action under Mexican law. The Commission of Appeals held that the prescriptive periods amounted to nothing more than statutes of limitations, a procedural matter, and that Texas law governed. However, the court did treat the Mexican statutes as peremptive statutes for the sake of argument, and held that in a case of such nature, involving an insurance policy, the result would be the same as against the claimant, a resident of Texas who had the right to rely upon the law of the forum in a Texas action. Moreover, in that case it was never proven just what construction had been placed upon the language of the contract by the Mexican courts. It was further held that the Texas statute prohibiting the shortening of limitation periods by any person, firm or corporation by contract violated the public policy of this State. See Art. 5545, V.A.C.S. In the present case, the plaintiff is a citizen of Louisiana, and there is no agreement or contract shortening any period of limitation or prescription. Only the substantive law of Louisiana is involved.

The governing Louisiana Statute pertaining to actions of this type is as follows:

"Art. 2315. Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it. * * *

"The right to recover all other damages caused by an offense or quasi offense, *if the injured person dies, shall survive for a period of one year* from the death of the deceased in favor of (naming beneficiaries) * * *. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. * * *" (Emphasis added. Parenthesis added).

The above article was amended in 1960 partly to broaden the right to recover damages for wrongful death.

The Texas authority which we believe to be controlling on this question is discussed in State of California v. Copus, 158 Tex. 196, 309 S.W.2d 227, 67 A.L.R.2d 758. In that case, the right of the State of California to bring suit for reimbursement against a son for sums expended by the state in the care of an indigent parent in a state institution within four years, as against the Texas limitation statute of two years, was recognized in the construction of a similar foreign statute. In that case the Texas Supreme Court said:

"The weight of authority favors the rule or exception to the foregoing general rule that where the statute creates a right and also incorporates a limitation upon the time within which the suit is to be brought, the limitation qualifies the right so that it becomes a part of the substantive law rather than procedural, and that unless suit is brought within the time allowed by statute no right of action can be maintained even though the law of the forum provides for a longer period of limitation. Stumberg Conflict of Laws, 2d Ed. p. 150."

And, quoting with approval from Theroux v. Northern P. R. Co., 64 F. 84, 86 (8th Cir.), the Supreme Court said:

"Where a statute confers a new right, which by the terms of the act is enforceable by suit only within a given period, the period allowed for its enforcement is a constituent part of the liability intended to be created, and of the right intended to be conferred. The period prescribed for bringing suit in such cases is not like an ordinary statute of limitations, which merely affects the remedy. It follows, of course, that, if the courts of another state refuse to permit the cause of action to be sued upon during a part of the period limited by the foreign law, to that extent they refuse to give effect to the foreign law, and by so doing impair the right intended to be created."

 Whether the law of a sister state extinguishes a right of action or merely affects the remedy, is a question of substantive law to be construed in the light of adjudicated cases of the particular state involved, in this case, Louisiana. Article 2315 of the Louisiana Code, is the sole foundation for a wrongful death action in Louisiana. Hightower v. Dr. Pepper Bottling Co., La.App., 117 So.2d 642, 654. It has been held in many cases, and especially by the latest authority on this question, that the one-year period under Article 2315 involving death actions is one of peremption, not subject to interruption. The one-year period included in the statute, quoted above, seems clearly to be one which limits the cause of action itself. It gives a cause of action for wrongful death only if suit is filed within one year from the death of the person involved. If there is no right of action after one year in Louisiana, then there is no cause of action to be enforced in Texas under our Article 4678. 17 Tex.Jur.2d 646. A condition or limitation of this kind, included within the statute involved, the sole authority for such an action, becomes not one of general limitation, but a part of the substantive law of Louisiana. See State of California v. Copus, supra; 13 Tulane L.Rev. 39; 4 Louisiana L.Rev., pp. 625–626. See Succession of Roux v. Guidry, 182 So.2d 109, writ ref., by the Louisiana Supreme Court in 248 La. 1106, 184 So.2d 27, and cited with approval on October 24, 1966 by the U. S. Court of Appeals, 5th Cir., in Lafargue v. Samuel, 367 F.2d 396; Blanke v. Chisesi, La.App., 142 So.2d 45; Gilmore v. State, La.App., 79 So.2d 192; 53 C.J.S. Limitations of Actions § 30, p. 975; 25A C.J.S. Death § 53 b, p. 737; Bounds v. T. L. James, 124 F.Supp. 563, 567 (W.D.La., 1954); Kennedy v. Trinidad Corp., 349 F.2d 832, 838 (5th Cir.1965); Mejia v. United States, 152 F.2d 686 (5th Cir.1945); and see Guillory v. Avayelles Ry. Co., 104 La. 11, 28 So. 899, 901; Cox v. Louisiana Dept. of Highways, La.App., 11 So.2d 409.

 We hold, therefore, that the action filed here, by reason of the death of Lawrence Francis on April 18, 1966, was perempted after the expiration of one year from time of death, and that under the law of Louisiana, the cause of action expired and was destroyed. The view we take of this case makes it unnecessary for us to discuss whether the filing of another suit against alleged joint tort feasors or co-tort feasors tolled or suspended the one-year period, since we have held that a period of peremption admits of no interruption or suspension.

 The cases cited by appellant do not involve Article 2315. A death action in Texas is a creature of statute and is not derived from the common law. Blocker v. Brown Express, 158 S.W.2d 347 (Tex. Civ.App.), no writ. There is no common law in Louisiana, and the action of necessity results from the statute. The two-year statute of limitations in Texas, a procedural matter ordinarily to be applied in

an action filed in Texas, is not applicable as against the substantive law of Louisiana in this case.

The judgment of the trial court dismissing this action is accordingly affirmed.