**Lillie Bell GASTON et al., Appellants,**

v.

**B. F. WALKER, INC., Appellee.**
**No. 25508.**

United States Court of Appeals
Fifth Circuit.

Sept. 16, 1968.

Ward Stephenson, John Cash Smith, Stephenson, Thompson & Morris, Orange, Tex., for appellants.

John D. Rienstra, Dale Dowell, King, Sharfstein & Rienstra, Beaumont, Tex., for appellee.

Before GOLDBERG and CLAYTON*, Circuit Judges, and HANNAY, District Judge.

GOLDBERG, Circuit Judge:

This is a diversity case arising out of an automobile-truck collision which occurred in Calcasieu Parish, Louisiana, on March 14, 1964. The deceased's car collided violently with the rear of defendant's stalled truck in the right-hand lane of the Sabine River bridge. The surviving wife and child of decedent, Albert Gaston, commenced this action in state court April 22, 1965, for $103,250 damages alleging negligence of defendant's driver in stopping his truck on the highway and in failing to place warning devices on the road. The defendant was successful in removing the case to the United States District Court for the Eastern District of Texas. In that court, the defendant plead contributory negligence of the plaintiffs' decedent and, by motion or instructed verdict, that the action was barred under the peremptive provisions of the Louisiana wrongful death statute, Article 2315, Louisiana Civil Code.

On January 12, 1967, the jury returned a verdict finding the defendant negligent, the plaintiffs' decedent contributorily negligent and damages of $12,500 for Mrs. Gaston, $2,500 for her daughter. The trial court rendered judgment for the defendant based on this verdict and the plaintiffs appeal. The appellee raises the following cross-point on appeal:

The undisputed evidence showing as a matter of law that any cause of action accruing to Appellants was extinguished by the provisions of Article 2315 of the Louisiana Civil Code, the trial court erred in overruling Appellee's Motion for Instructed Verdict.

We conclude that the appellee's cross-point should be sustained and that the judgment of the district court should be affirmed.

It is undisputed that the unfortunate accident in question occurred on March 14, 1964. Suit was filed in the District Court of Orange County, Texas, on April 22, 1965, or approximately five weeks after the expiration of one year from the date of the accident. The defendant asserts that such a delay is fatal under Louisiana law.

■ At the outset, it is clear that Louisiana law must be applied to the case at bar. A federal district court sitting in Texas is bound under Erie [1] and Klaxon [2] to apply the law of Texas, including the Texas conflict of law rules. As we shall now develop, the Texas courts would apply the law of Louisiana were they sitting in judgment.

This accident occurred within the State of Louisiana. The statute of Louisiana creating a right to sue for wrongful death in that state is Article 2315 of the Louisiana Civil Code which contains an express one-year limitation period.

The right to recover all other damages caused by an offense * * * if the injured person dies, shall survive for a period of one year from the death of the deceased * * *. The survivors * * * may also recover the damages which they sustained through the wrongful death of the deceased. [As amended, Acts 1960, No. 30, § 1]

While Texas also has a wrongful death statute, it is clear that even though such an action is brought in a Texas court, if the tortious conduct occurred in another

* Judge Clayton, the third judge constituting the Court, participated in the hearing and the decision of this case. The present opinion is rendered by a quorum of the Court pursuant to 28 U.S.C.A. § 46, Judge Clayton having taken no part in the final draft of this opinion.

1. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937).

2. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1940).

state, recovery must be based upon the foreign wrongful death statute because the Texas wrongful death statute does not have extraterritorial effect. Marmon v. Mustang Aviation, Tex., 430 S.W.2d 182.[3]

■ The plaintiffs do not argue with the application of Louisiana substantive law. They assert that statutes of limitation are procedural and that a Texas court would look to the procedural rules of Texas in determining the application of a statute of limitations. Article 4678 Vernon's Ann.Tex.Civ.St. The plaintiffs then rely on the general two-year limitation period of Texas. Article 5526 V.A.T.S. It is true that Texas, like many jurisdictions, still employs the "procedural-substantive" dichotomy, and the Texas courts hold that procedural matters are controlled by the laws of Texas. Withers v. Stimmel, 363 S.W.2d 144 (Tex.Civ.App.1962, writ ref. n. r. e). Although statutes of limitations are generally characterized as procedural, they are classified as substantive when the limitation provision is itself an integral part of the statute creating the cause of action as is the one-year limitation provision in the Louisiana statute. This approach is illustrated in the leading case of State of California v. Copus, 158 Tex. 196, 309 S.W.2d 227, 67 A.L.R.2d 758 (1958), in which the Texas Supreme Court said:

> The weight of authority favors the rule * * * that where the staute creates a right and also incorporates a limitation upon the time within which the suit is to be brought, the limitation qualifies the right so that it becomes a part of the substantive law rather than procedural * * *. 309 S.W.2d at 231.

In a recent case which construed the same Louisiana statute applicable in the instant case, the Texas Court of Civil Appeals followed *Copus* and held that the Texas limitation statute, Article 5526 V.A.T.S., did not apply to an action based upon Article 2315 of the Louisiana Civil Code. Francis v. Herron Transportation Co., 423 S.W.2d 610 (Tex.Civ.App.1968, writ granted).

■ Since it is clear that Article 2315 is controlling, the effect of that article must be examined. Article 2315 "represents the very foundation upon which all tort law in Louisiana has been constructed * * *." Hightower v. Dr. Pepper Bottling Co. of Shreveport, 117 So.2d 642, 654 (La.App.1960). Article 2315 affords the only remedy when a tort is committed in Louisiana. The latest discussion of the effect of the one-year limitation period contained in Article 2315 is found in Succession of Roux v. Guidry, 182 So.2d 109 (La.App. 1966). In that case, the death occurred on January 2, 1963. The original suit was filed on December 30, 1963, but the proper parties were not joined until May 14, 1964, well over a year after the death. The court held that the one-

---

3. In *Marmon*, a private plane on its way back to Texas crashed in Colorado. All but one of the four persons killed were residents of Texas and they were on a business trip which had originated in Texas. The defendant corporation was incorporated in Texas, and the pilot was a Texas resident.

The issue before the Texas Supreme Court was whether the Texas or the Colorado wrongful death statute would be applied. The Colorado wrongful death statute has a statutory limitation on recovery of $25,000 for each wrongful death, but the Texas statute had no such limitation on the amount of recovery. Thus the plaintiff argued that the Texas, rather than the Colorado, wrongful death statute should apply.

The Texas Supreme Court held that the Texas wrongful death statute did not apply because it does not have extraterritorial effect. Although the court based its decision upon a long standing construction of the Texas wrongful death statute, the decision had the effect of leaving the lex loci delictus rule as the choice of law rule which the Texas courts will apply in tort cases. It is, however, interesting to note that there was a strong dissent by three justices who felt that "it would be difficult to pose circumstances arguing more forcefully for the rule of 'most significant contacts' and against adherence to the view that the law of the place of injury is determinative of the consequences of tortious conduct." (Steakley dissent, p. 192).

year time limitation prescribed in Article 2315 was one of peremption rather than mere prescription. The court delineated this distinction by quoting from an ancient decision of the Louisiana Supreme Court, Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899 (La.1900),

> When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost. 28 So. 899, 901; 182 So.2d 109, 110.

This language is unequivocal, and it must be held that a suit filed more than one year after an event giving rise to a cause of action under Article 2315, Louisiana Civil Code, is forever barred.

This court has consistently followed the approach of Guillory and Roux when it has been our task to determine the effect of Article 2315. Mejia v. United States, 152 F.2d 686 (5 Cir. 1946); Lafargue v. Samuel, 367 F.2d 396 (5 Cir. 1966). The result in each of these cases was that the survivor bringing suit more than one year after the death of the decedent was barred from asserting any claim for relief.

■ The appellants seek to distinguish their position from that of other litigants relying on Article 2315 by asserting their Texas citizenship. They contend that Texas courts, whose law we are bound to apply, differentiate between Texas and Louisiana plaintiffs and that when a Texas resident is before the court, Texas applies its own two-year limitation period despite the peremptive nature of Louisiana's statute. The plaintiffs cite only one case, Smith v. Webb, 181 S.W. 814 (Tex.Civ.App.1915, no

writ), for this proposition. Their contention is without merit.

Smith v. Webb was decided over forty years ago and clearly is an aberration from the general rule followed in Texas. Since the decision in Smith v. Webb, the Louisiana courts have uniformly interpreted Article 2315 as destroying the cause of action itself. The most recent Texas cases, Copus and Francis, while not discussing the Smith opinion, contain language which fully disassociates present Texas law from that earlier decision. The rationale of these opinions is not limited in application to out-of-state residents.[4] For example, in Copus, the Supreme Court of Texas said:

> * * * unless suit is brought within the time allowed by statute no right of action can be maintained even though the law of the forum provides for a longer period of limitation. (Emphasis added.) 309 S.W.2d at 231.

In Francis, the Houston Court of Civil Appeals stated:

> The one-year period included in the statute * * * seems clearly to be one which limits the cause of action itself. It gives a cause of action for wrongful death only if suit is filed within one year from the death of the person involved. If there is no right of action after one year in Louisiana, then there is no cause of action to be enforced in Texas under our Article 4678. 17 Tex.Jur.2d 646. A condition or limitation of this kind, included within the statute involved, the sole authority for such an action, becomes not one of general limitation, but a part of the substantive law of Louisiana. (Emphasis added.) 423 S.W.2d at 613.

The opinions in Copus and Francis demonstrate that the failure to apply the peremptive Louisiana statute to a Texas plaintiff is only an accident in judicial history rather than a reflection

---

4. Though in fact in Copus the rule was applied to bar the State of California from a cause of action against a Texas resident, and in Francis, a Louisiana plaintiff was the losing party.

of a distinction developed by the Texas courts. Thus, we hold that the Texas courts would follow the Louisiana statute and that the plaintiffs' cause of action based on this statute has been destroyed by the passing of the one-year limitation period.

Our disposition of the appellee's cross-point renders any discussion of the appellants' complaint about the unusual jury verdict in this case immaterial. Haber v. Bond Stores, 178 F.2d 836 (6 Cir. 1949). The decision of the district court is

Affirmed.