LUCINDA RICHARDS, Administratrix of the Estate of OTIS FREEMAN RICHARDS, Plaintiff, *v.* FRANKLYN J. WRIGHT and Another, Defendants.

Supreme Court, Monroe County, January 30, 1931.

*John J. Scully,* for the plaintiff.

*Karp & Scope,* for the defendant Wright.

RODENBECK, J. This motion is made under the Rules of Civil Practice (Rule 106, subd. 3) to dismiss the complaint against defendant Wright on the ground that the plaintiff has not legal capacity to sue. The action is for negligence and has been brought under article 5 of the Decedent Estate Law authorizing an action by an executor or administrator for negligence causing death.

The plaintiff was appointed administratrix in Cook county, Ill. This gives her the right to institute an action in this State, based upon negligence resulting in the death of her husband. The statute provides that . " The * * * administrator duly appointed * * * in any other state * * * of a decedent who has left him * * * surviving * * * a * * * wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who * * * would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." (Dec. Est. Law, § 130, as added by Laws of 1920, chap. 919.) This statute, plainly, confers upon the plaintiff the right to sue in this State for the death of her husband,

upon a cause of action for which he might have sued had he survived.

The defendant Wright is a non-resident, but he was personally served within the State. " If a defendant who is a non-resident is found within the State and service of process is there made upon him, jurisdiction will thereby be acquired." (15 C. J. 789.)

Motion denied, with ten dollars costs to abide the event.

So ordered.