In the Matter of the Estate of NORBERT P. PELTIER, JR., Deceased.

Surrogate's Court, New York County, October 2, 1935.

*Paul C. Matthews*, for petitioner.

DELEHANTY, S. A domiciliary administrator appointed by the Probate Court of Jefferson county, Tex., applies here for limited ancillary letters of administration so that in his capacity as such limited ancillary administrator he may institute in this State an action for negligence resulting in the death of deceased.

Inspection of the order of his appointment in the domiciliary State discloses that such appointment was made for the purpose of instituting such action and that full authority is given to petitioning administrator to institute such action.

Article 5 of the Decedent Estate Law regulates proceedings in an action in this State for causing the death of a deceased. Section 130 (a part of such article) says, among other things: " The * * * administrator duly appointed * * * in any * * * state * * * of the United States * · * * may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused."

It is difficult to conceive language which in clearer terms vests in the petitioning administrator in his original capacity as domiciliary administrator the power to institute the desired action. (See *Richards* v. *Wright*, 139 Misc. 316.) Ancillary letters are wholly unnecessary. There is no reason why this court should be burdened by this application and the consequent necessity of supervising the acts of an ancillary administrator.

The application is denied.