In the Matter of the Estate of JEANNE VON KAUFFMANN, Deceased.

Surrogate's Court, New York County, March 18, 1938.

*J. Hutton Hinch*, for the petitioner.

DELEHANTY, S. Petitioner here seeks ancillary letters of administration for the purpose of enforcing against a resident of this State a cause of action for the allegedly wrongful death of deceased occurring in this State and also for the purpose of enforcing a cause of action inuring to the deceased himself by reason of injuries from which he suffered during his lifetime.

If the sole purpose of the application were the enforcement of the cause of action for wrongful death of deceased the court would decline to receive the petition and would not grant ancillary letters. A statutory action for wrongful death may be instituted by a foreign administrator of the person whose death is involved. The statute (Dec. Est. Law, § 130) says: " The * * * administrator * * * appointed in * * * any other State, territory or district of the United States, or in any foreign country * * * may maintain an action to recover damages for a wrongful act

* * * by which the decedent's death was caused." This statute in broad terms opens our courts to foreign administrators in such cases. They have every remedy in our courts in such cases which an ancillary administration would afford. The cause of action is one for the enforcement of the personal rights of the next of kin through a statutory plaintiff. Administration in such cases is merely the formula by which a representative of all kin injured by the death is designated to enforce the single cause of action for their respective benefits. This State has no concern with such a controversy and a petition for ancillary letters for the single purpose of bringing a death action should be denied as wholly unnecessary to the enforcement of the rights of the real beneficiaries of the cause of action. (*Richards* v. *Wright*, 139 Misc. 316; *Matter of Peltier*, 157 id. 97.)

A different question is presented, however, by the recently granted right of survival of a cause of action existing in favor of a deceased person because of injuries from which he suffered or which caused him expense during his lifetime. (Dec. Est. Law § 119.) This right of action is one which belonged entirely to the deceased himself. The proceeds of it are truly a part of his estate and must be administered as are other assets of the true estate of a deceased. Since the repeal of section 160 of the Decedent Estate Law which granted general power to foreign administrators to sue in our courts there is a limited area only within which foreign administrators may be heard in our courts on the credit of their domiciliary letters. An interesting discussion of the cases dealing with the rights of such a foreign administrator to have relief in our courts in his domiciliary character is to be found in *Kirkbride* v. *Van Note* (275 N. Y. 244, 250). It would seem from this discussion that in respect of the enforcement of the right of action which once belonged to the deceased and now belongs to his estate the general rule is still operative and ancillary administration is necessary. (*Hopper* v. *Hopper*, 125 N. Y. 400, 403.)

The question now presented by this petition is whether ancillary administration should be granted in respect of the death action as well as in respect of the deceased's own right of action which can be enforced only through ancillary administration. The reason for the refusal to entertain jurisdiction to issue ancillary letters for the enforcement solely of a right of action for wrongful death is, as stated previously, that this State has no concern with a controversy which in its true nature is a private suit for their own benefit by persons who generally are non-citizens of this State. Since our statute has opened our courts to such suitors by granting the domiciliary administrator the right to sue here no further action

need be taken for the appointment of a representative to enforce their rights. But since we insist on the strict rule which requires ancillary administration where true estate assets are involved there will be need in any event for interposition of the Surrogate's Court in this estate. And since the Surrogate's Court must concern itself with the affairs of this estate and since the right of action for the wrongful death and the right of action which once was owned by the deceased and now survives for the benefit of his estate may be prosecuted in the same action and since the proceeds (assuming recovery on both causes) may be accounted for in the same accounting proceeding, there is no greater burden placed upon the Surrogate's Court by the grant of ancillary letters for the enforcement of the death action.

In the exercise of discretion, therefore, the petition for ancillary letters is granted in all respects and a decree has been signed directing the issuance of ancillary letters which authorize action in behalf of the beneficiaries of the statutory action to recover for the wrongful death of deceased and also authorize action for the benefit of the estate of deceased on the right of action which survived his death.