NOLA ARNDT, Plaintiff, *v.* EDWIN J. ALTMAN et al., Copartners under the Name of M. B. ALTMAN SONS, Defendants.

Supreme Court, Special Term, New York County, October 26, 1943.

*Tobias A. Keppler* for plaintiff.

*Clarence J. Shearn* for defendants.

Schreiber, J. Plaintiff had pledged jewelry which she was unable to redeem. It was about to be sold at auction. By agreement, defendants supplied the money and received the jewelry with a bill of sale from plaintiff, granting her an option to repurchase within a limited time upon payment of an added 5%. The option was not exercised. Thereafter, following complaint by plaintiff to the Department of Licenses of the City of New York regarding the transaction, plaintiff's option was extended and she formally acknowledged defendants' title in the jewelry and agreed to deliver a general release to them. Both parties were then represented by counsel. Plaintiff never repurchased the jewelry.

In this action she seeks to set aside the bill of sale as fraudulent, demands damages for conversion of her jewelry, and asserts that she is the victim of a scheme and device whereby an usurious loan was cloaked as a sale.

The evidence offered to that effect by plaintiff is, in the court's opinion, flimsy, unsupported and entirely insufficient. The great weight of all the evidence compels the conclusion that the transaction was, as the documentary evidence purports it to be, a *bona fide* sale and not a loan. (*Youssoupoff* v. *Widener,*

246 N. Y. 174; *Brown* v. *Robinson*, 224 N. Y. 301; *Robinson* v. *Miller*, 210 App. Div. 450; *People* v. *Sacks*, 276 N. Y. 321; *Balboa Realty Co.* v. *Brenglass Realty Corp.*, 147 Misc. 602.) In any event, it is difficult to see how plaintiff can escape the force of the subsequent settlement and release agreement made upon advice of counsel. (*Gilbert* v. *Rothschild*, 280 N. Y. 66; *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435.) The claim that the transaction was entirely void by reason of defendants' lack of a municipal license to deal in secondhand articles is untenable in fact and in law. (*Fosdick* v. *Investors Syndicate, Inc.*, 266 N. Y. 130.)

It is true that plaintiff, as a result of the transaction, has received nothing for her equity in the jewelry. But unwisely she preferred an opportunity to regain it entirely to an immediate and final sale of that equity. " The common law affords to every one reasonable protection against fraud in dealing; but it does not go the romantic length of giving indemnity against the consequences of indolence and folly " (2 Kent's Comm. [14th ed.] p. 485). This record shows that the transactions between the parties were legitimate and ethical and defendants are entitled to be relieved and exonerated of the imputation of dishonorable conduct made against them upon a previous trial of this action.

Judgment is awarded to defendants, dismissing the complaint on the merits, with costs, and judgment on the counterclaim. The foregoing shall constitute the court's decision pursuant to the provisions of the Civil Practice Act.

Plaintiff's requests to find have been passed on.

Settle judgment on notice in accordance herewith.