In the Matter of the Accounting of JAMES S. MULHOLLAND et al., as Executors of EDMUND F. MULHOLLAND, Deceased Administrator with the Will Annexed of HORACE G. WILSON, Deceased.

In the Matter of the Accounting of JAMES S. MULHOLLAND et al., as Executors of EDMUND F. MULHOLLAND, Deceased Administrator of the Estate of MARGARET C. WILSON, Deceased.

Surrogate's Court, Kings County, May 18, 1950.

*Thomas L. Driscoll* for Catherine Chambers and another, petitioners.

*James H. Callahan* for James S. Mulholland, as executor, respondent.

*Oscar S. Blinn* for Mary F. McGoldrick, as executrix, respondent.

*Samuel Gottesman* for Great American Indemnity Co., as surety on bond of Edmund F. Mulholland, deceased administrator, respondent.

McGAREY, S. The issue in these two proceedings for compulsory accountings were identical and were heard as one.

The petition in each proceeding was made by the executor of a distributee of the last survivors of the decedents, whose estates are here involved, appointed in a foreign jurisdiction to compel the executors of the deceased administrator and administrator with the will annexed to account for their testator's acts in each capacity. The respondents filed answers in each proceeding setting up identical defenses; (1) capacity of petitioner to maintain the proceeding; (2) release and discharge executed by the petitioner's testator; (3) Statute of Limitations; and (4) laches. A reply was filed by petitioner in each proceeding admitting that no legal representative of the estate of his testator had been appointed in this State and denying the material allegations of the answer. A bill of particulars thereafter filed by petitioner alleged that the general release executed by the petitioner's testator had been procured by fraud and misrepresentation and was null and void and of no effect.

Since the repeal of section 160 of the Decedent Estate Law, a foreign legal representative of a decedent's estate has no status to maintain an action or proceeding in the State of New York except an action to recover damages for the wrongful death of a decedent under the provisions of section 130 of the Decedent Estate Law. The petitioner is therefore without status to maintain this proceeding (*Kirkbride* v. *Van Note,* 275 N. Y. 244; *Helme* v. *Buckelew,* 229 N. Y. 363; *Baldwin* v. *Powell,* 294 N. Y. 130).

However, since the matter was tried the court will determine the matter on the merits.

The Statute of Limitations will not avail the respondents as a defense. The ten-year statute applies to a proceeding in this

court to compel a fiduciary to account and the time is computed from the repudiation of the right of the party to any claim or interest in the estate (*Matter of Ashkeim,* 111 App. Div. 176, affd. 185 N. Y. 609; *Matter of Jacobs,* 257 App. Div. 28; *Matter of Beard,* 141 Misc. 888). There is no evidence of any denial of the petitioner's testator to share in the estate of the last survivor of the decedents herein, except insofar as the release executed by him may be so construed to the extent that he had no further interest. Since such release bears date in 1942 the ten-year period has not yet expired.

Assuming that the six-year statute, applicable in cases of fraud, is claimed as a bar to the proceeding, there is no evidence that petitioner's testator made any assertion thereof during his lifetime and his executor discovered some evidence of fraud. The cause of action for fraud is deemed to accrue after discovery of the facts constituting the fraud and the petitioner's testator having died in 1946 the statute would not have run at this date.

The defense of laches is not well taken as there are no facts presented to sustain it.

There remains for consideration the question whether the execution of the general release was obtained by fraud or misrepresentation. The release was executed in the city of Montreal, Canada, before a Vice Consul of the United States, who took the acknowledgment. There is no evidence that petitioner's testator repudiated the release during his lifetime or prior to the death of the administrator and administrator with the will annexed on December 23, 1944, nor is there any evidence that he was not fully aware of all the facts or that any material facts were concealed or withheld from him. On all the facts and circumstances the court finds that the petitioner has failed to sustain the burden of proof, which was upon him, that the release executed by his testator was procured by fraud or misrepresentation (*Matter of Crowe,* 139 Misc. 648; *Fisher* v. *Fisher,* 253 N. Y. 260; *Matter of Cook,* 244 N. Y. 63; *Adams* v. *Gillig,* 199 N. Y. 314; *Arndt* v. *Altman,* 181 Misc. 887; *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.,* 247 N. Y. 435). The petitions are, therefore, dismissed.

Submit orders, on notice, accordingly.