Clarence SAVOIE and wife

v.

NOLTY J. THERIOT, INC.

Civ. A. No. 72–1178.

United States District Court, E. D. Louisiana.

Aug. 2, 1972.

M. T. Melvin, Larose, La., Frank E. Lamothe, III, New Orleans, La., for plaintiffs.

Francis Emmett, Michael L. McAlpine, New Orleans, La., for defendant.

BOYLE, District Judge.

The motion of the defendant, Nolty J. Theriot, Inc., to dismiss plaintiffs' complaint on grounds that said complaint "fails to state a right or cause of action upon which relief can be granted" was heard on a prior day. The Court, having taken time to consider, is now ready to rule.

Plaintiffs, Clarence Savoie and wife, commenced this action on May 3, 1972, pursuant to 46 U.S.C. § 761, Death on the High Seas Act (DOHSA), and the General Maritime Law to recover damages for the death of their son, Dwight Steven Savoie. On May 6, 1969, Dwight Steven Savoie, while serving as a member of the crew of the M/V PYE THERIOT, lost his life by drowning in the Gulf of Mexico. The place of the accident, Block 63 South Timbalier area, was more than one marine league off the coast of Louisiana.[1]

Dwight Steven Savoie was survived by his widow and parents only; he left no descendants. His widow, Joyce Ledet Savoie, was appointed and qualified as administratrix of the deceased's succession, No. 8139 of the docket of the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana. Individually and in her capacity as administratrix of the succession and personal representative of the deceased, Joyce Ledet Savoie brought suit against Nolty J. Theriot, Inc., the defendant herein, seeking to recover damages for the pain and suffering and wrongful death of her husband, Dwight Steven Savoie. That complaint, C.A. No. 69–1806 filed in Section G of this Court on August 8, 1969, sought recovery for all elements of damage afforded by virtue of the Jones Act, 46 U.S.C. § 688, and DOHSA.[2] Settlement of the widow's claim was effected and her suit was voluntarily dismissed with prejudice.[3]

Defendant now moves for dismissal of the parents' claim pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, which motion we treat as a motion for summary judgment, on the grounds that: (1) all claims have prescribed; (2) all claims have been disposed of by settlement; (3) plaintiffs lack capacity as personal representatives of the decedent to assert said claims. There being no dispute as to the material facts set out above, this motion is ripe for adjudication.

Counsel for plaintiffs, through memorandum in opposition to the defendant's motion and on oral argument of said motion, has stated that plaintiffs' claims are being asserted under the General Maritime Law, as sanctioned by Moragne v. States Marine Lines, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), and that their claims are not based on the Jones Act or DOHSA. As

1. See Exhibit A attached to defendant's motion on file in the record.

2. See Exhibit B attached to defendant's motion on file in the record.

3. See Exhibit C attached to defendant's motion on file in the record.

anticipated by counsel for the defendant and now advanced by counsel for the plaintiffs, the crucial issue sought to be made is whether the decision of the United States Supreme Court in *Moragne*, supra, "that an action does lie under the general maritime law for death caused by violation of maritime duties," [4] provides an additional remedy for the death of a seaman on the high seas where actions under the Jones Act and DOHSA are available.[5]

While we tend to agree with counsel for the defendant that the wrongful death action under the General Maritime Law authorized by *Moragne* is inapplicable because of the availability of the Jones Act and DOHSA to the facts of this case,[6] we need not so hold since it is clear that even if a *Moragne* death action did exist, the plaintiffs herein do not possess that right of action.

Though finding that there is an action for wrongful death in the General Maritime Law, the Supreme Court in *Moragne* left for future litigation the determination of beneficiaries who would be entitled to recover for such deaths. Yet

---

4. 398 U.S. 409, 90 S.Ct. 1792, 26 L.Ed.2d 361 (1970).

5. Defendant cannot seriously argue that its sole liability for the death of its employee while serving as a crew member aboard its vessel lies under the Jones Act. Defendant recognizes that there is authority which holds that for purposes of recovering damages for the wrongful death of seamen caused by occurrences on the high seas, an action in admiralty under DOHSA may be pursued by the personal representative of the deceased seaman as well as an action at law provided for in the Jones Act. Peace v. Fidalgo Island Packing Company, 419 F.2d 371 (9th Cir. 1969); Symonette Shipyards, Ltd. v. Clark, 365 F.2d 464 (5th Cir. 1966), *cert. denied*, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967); Doyle v. Albatross Tanker Corp., 367 F.2d 465 (2d Cir. 1966), and cases cited therein.

6. The Supreme Court in *Moragne* was primarily concerned with the question of remedies, or the lack thereof, under federal maritime law for wrongful deaths occurring within state territorial waters. The situation there was that the widow and representative of the decedent was without a remedy for the alleged wrongful death of her husband which occurred on Florida waters because the maritime law, as it then existed, provided no such recovery and the Florida wrongful death statute did not encompass a cause of action based on unseaworthiness. The Court looked to the 1920 enactments of DOHSA and the Jones Act, both of which provide recovery for wrongful death in certain portions of the maritime domain, to determine whether Congress intended to withhold a remedy for wrongful deaths in the particular portions of the maritime domain not covered by DOHSA or the Jones Act. After reviewing the legislative history and the pertinent case law relative to both Acts,

and particularly DOHSA, the Court concluded "that the Death on the High Seas Act was not intended to preclude the availability of a remedy for wrongful death under general maritime law in situations not covered by the [Death on the High Seas] Act." 398 U.S. at 402, 90 S.Ct. at 1788, 26 L.Ed.2d at 357.

Conversely, in situations where DOHSA and the Jones Act are applicable, i. e. in those portions of the maritime domain where Congress has affirmatively acted to provide a remedy for wrongful death, there is simply no place for the *Moragne*-type death action which now exists in the general maritime law.

We feel that the result reached in *Sennett v. Shell Oil Company*, 325 F.Supp. 1 (E.D. La.1971), is consistent with this reasoning though we may not agree with some of the statements contained in that decision. In *Sennett* a widow was allowed to pursue an action for wrongful death under the General Maritime Law, as established by *Moragne*, to recover damages for the death of her husband which occurred on the high seas. Significantly, there the Oceanographic Research Vessels Law, 46 U.S.C. § 441 et seq., brought into play because the decedent was employed aboard a vessel engaged in oceanographic research, precluded the application of the Jones Act and DOHSA. Thus, the situation presented in *Sennett* was in the particular portion of the maritime domain not covered by DOHSA or the Jones Act but in which Congress did not intend to withhold a remedy for wrongful death.

*See also, McPherson v. Steamship South African Pioneer*, 321 F.Supp. 42, 47 (E.D. Va.1971), wherein it was stated: "We doubt that Moragne was intended to give an alternative remedy under general maritime law where the obvious right to maintain an action exists under the Death on the High Seas Act or Jones Act."

the *Moragne* court set out in some detail the arguments of the United States and the Petitioner therein that in answering the beneficiary question, guidance can be found in the Congressional expressions contained in DOHSA, the Jones Act and the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. Of these three acts the United States argued that a borrowing of the beneficiary schedule from DOHSA would be most appropriate since that statute applies to any person, not just to a class of workers, and because it bases liability on conduct violative of the General Maritime Law. Borrowing of the schedules of the other acts would be inappropriate, so the argument runs, because the Jones Act applies only to actions with respect to seamen against their employers for violation of a particular standard of negligence and because the principles of recovery of the Longshoremen's Act are foreign to those of the General Maritime Law. And, of course, the borrowing of state beneficiary schedules would detract from rather than contribute to the uniformity desired in the maritime field.

The arguments of the United States are indeed persuasive. Under DOHSA the personal representative, in this case the surviving spouse, would be the proper party to bring the suit. Therefore, if we were to borrow the beneficiary schedule from DOHSA, these plaintiffs would not be entitled to maintain this action. Similarly, under the Jones Act it is the personal representative and under the Longshoremen's Act it is the legal representative who must bring the suit. Even if we were to consider Louisiana Law, Civil Code Article 2315 allows the surviving parent to sue only if the decedent has left no surviving spouse or child. Thus, under whatever beneficiary schedule we might borrow, the plaintiffs herein have no right to bring the *Moragne* death action,

if in fact such an action exists.[7] *Accord*, Futch v. Midland Enterprises, Inc., 344 F.Supp. 324 (1972 M.D.La.).

Accordingly, the motion of the defendant for summary judgment should be, and the same is hereby, granted.

---

7. Because we hold that these plaintiffs have no right to maintain this action we need not consider defendant's contention that the

claim has prescribed or that all claims have been resolved by settlement.