**Linda Savoie PENRY et al.**

v.

**WM. BARR, INC., et al.**

No. B-75-428-CA.

United States District Court,
E. D. Texas,
Beaumont Division.

May 12, 1976.

John L. Fulbright, Beaumont, Tex., for plaintiffs.

Daniel V. Flatten, Mehaffy, Weber, Keith & Gonsoulin, Pike Powers, Strong, Pipkin, Nelson, Parker & Powers, Beaumont, Tex., for defendants.

### MEMORANDUM DECISION AND ORDER

STEGER, District Judge.

This is a wrongful death action brought by the wife and two minor children of the deceased. The two minor children also allege that they themselves personally sustained injuries as a result of the occurrence in question. The Plaintiffs' Amended Complaint alleges that on or about December 14, 1973, the deceased was severely burned when cleaning fluid which he was using exploded. According to the Plaintiffs, the deceased died on December 18, 1973, from the injuries received in this explosion. The Plaintiffs filed suit on December 8, 1975, against the manufacturer of the cleaning fluid in question and against the vendor of the shirt that the deceased was wearing at the time of the fire. The theory of recovery against both Defendants is products liability or strict liability in tort.

Both Defendants have filed motions for summary judgment. According to the Defendants, the Louisiana wrongful death statute, Article 2315 of the Louisiana Civil Code, is the law applicable to this case, and it has a one year statute of limitations which bars the wrongful death action. The Plaintiffs contend, in reply to the Defendants' motions, that the proper law to be applied here is Texas law, and the suit was filed within the two year statute of limitations period which is applicable to the Texas wrongful death statute, Vernon's Ann.Civ. Stat. art. 4671 et seq.

Jurisdiction of this cause is based on diversity of citizenship, and under the *Erie* doctrine, the substantive law of the state of Texas must be applied. It is well settled that the conflicts of law rules are a part of state substantive law. *Day and Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975); *Klaxon v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The Texas conflicts of law rule for tort cases has long been established as lex loci delictus. The law of the state where the cause of action arose must be applied. *Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182 (Tex.1968). It is undisputed that the accident in question occurred in Louisiana, and further, that the deceased died in Louisiana. Thus under the lex loci delictus rule, a Texas court would be bound to apply the Louisiana wrongful death statute with its one year statute of limitations. *Gaston v. B. F. Walker, Inc.*, 400 F.2d 671 (5th Cir. 1968).

However, the Plaintiffs assert in their brief that the lex loci delictus rule is no longer applicable in Texas, and Texas would now apply the interest analysis approach, or the most significant contacts rule. The Plaintiffs' theory is that art. 4671 and art. 4678, Vernon's Ann.Civ.Stat., the two applicable provisions of the Texas wrongful death statute, have been amended by the legislature, and this amendment has eliminated the basis for the decisions of the Texas Supreme Court which hold that the lex loci delictus rule must be applied in

wrongful death cases brought in Texas courts. The Texas Supreme Court in *Marmon v. Mustang Aviation,* supra, observed that courts in Texas had for years held that lex loci delictus was the rule because they interpreted the Texas wrongful death statute as having no extraterritorial force. The Court reasoned that this must be a correct interpretation, and the legislature must intend the statute to be interpreted in this manner, because the wording of the wrongful death statute had not been altered by the legislature, although this could have been easily done. Stare decisis, the Court believed, bound it on this matter, and if any changes were to be made, they must be made by the legislature.

As stated earlier, the Plaintiffs point out that the legislature has now acted and the statute has been changed. Thus, according to the Plaintiffs, the interest analysis approach should be utilized here, and Texas is the state with the most significant contacts because the deceased and the Plaintiffs were Texas residents at the time of the deceased's death, and the Plaintiffs are presently residents of Texas. The Plaintiffs therefore are of the opinion that the Texas wrongful death statute, with its two year statute of limitations, should be applied.

Art. 4678 and art. 4671 of the Texas statute have indeed been amended by the legislature. The wording of these two articles is now such that the Texas wrongful death statute can have extraterritorial effect. But, as the Court analyzes these two provisions, it is not clear in a case such as this whether to apply the law of the state where the cause of action accrued or the state with the most significant contacts. See, e. g., Thomas, *Conflict of Laws,* 30 SW.L.J. 268, 292 (1976).

■■ In the instant suit, however, the Court deems it unnecessary to make this determination. The Court is of the opinion that the amended version of the Texas wrongful death statute cannot be applied to this cause of action. The wrongful death cause of action in this suit accrued on the date the decedent died, December 18, 1973.

The one year statute of limitations applicable to the Louisiana wrongful death statute expired on December 18, 1974. The amended version of the Texas wrongful death statute did not become effective until September 1, 1975, some eight months after the wrongful death cause of action expired under Louisiana law. It is well established law in Texas that after a cause of action has become barred by a statute of limitation, the defendant has a vested right to rely on the statute as a defense, and the state legislature cannot divest the defendant of this right by thereafter lifting the bar of limitation which had accrued in favor of the defendant. *Wilson v. Work,* 122 Tex. 545, 62 S.W.2d 490 (1933); *Cathey v. Weaver,* 111 Tex. 515, 242 S.W. 447 (1922); *Mellinger v. City of Houston,* 68 Tex. 37, 3 S.W. 249 (1887); *Southern Pacific Transport Company v. State,* 380 S.W.2d 123 (Houston Civ.App. 1964, writ refused); *Hoard v. McFarland,* 229 S.W. 687 (Texarkana Civ. App. 1921, writ refused); *Cathey v. Weaver,* 193 S.W. 490 (Austin Tex.Civ.App.1916), affirmed, 111 Tex. 515, 242 S.W. 447 (1922). Any statute that had such an effect would be considered a retroactive law violative of Article 1, sec. 16 of the Constitution of the State of Texas. It is an elementary principle of constitutional law that a statute should not be interpreted in such a manner as to render it unconstitutional if by any reasonable construction it may be held constitutional. *Hardin County v. Trunkline Gas Company,* 330 F.2d 789 (5th Cir. 1964); *State v. Shoppers World, Inc.,* 380 S.W.2d 107 (Tex.1964); *McKinney v. Blankenship,* 154 Tex. 632, 282 S.W.2d 691 (1955); *Newsom v. State,* 372 S.W.2d 681 (Tex.Cr.App. 1963); 53 Tex.Jur.2d *Statutes* § 158 (1964). The Court therefore holds that these amendments to the Texas wrongful death statute were not intended to, and do not, resurrect any causes of action on which the statute of limitations has run.

■ The Plaintiffs have contended in the alternative that even if the Louisiana wrongful death statute applies to this cause of action, the limitation period provided would not run against the deceased's two

minor children, who are Plaintiffs in this suit. The Court does not agree with this assertion. The one year period provided in Article 2315 of the Louisiana Civil Code is a peremption rather than a mere statute of limitation, and the rights provided in that statute must be exercised within the one year period or they cease to exist and are completely lost, even as to minors. The cause of action itself is terminated after one year. In the Court's opinion, under the law of Louisiana, the period cannot be interrupted or continued beyond one year because of the minority status of the parties to whom the statute gives a cause of action. *Kenney v. Trinidad Corporation,* 349 F.2d 832 (5th Cir. 1965); *Mejia v. United States,* 152 F.2d 686 (5th Cir. 1945); *Thompson v. Gallien,* 127 F.2d 664 (5th Cir. 1942); *Goodwin v. Bobcaw Lumber Co.,* 109 La. 1050, 34 So. 74 (1902); *Lally v. Taylor,* 117 So.2d 602 (La.Civ.App. Orleans 1960); *Francis v. Herrin Transportation Company,* 432 S.W.2d 710 (Tex.1968); 25A C.J.S. Death § 53b (1966); 54 C.J.S. Limitations of Actions § 235b (1948). See also, *Hobbs v. Police Jury of Morehouse Parish,* 49 F.R.D. 176 (W.D.La.1970).

In summary, the Court holds that the amended provisions of the Texas wrongful death statute, i. e., arts. 4671 and 4678, Vernon's Ann.Civ.Stat., are not applicable to this case, and that the wrongful death cause of action in this suit is barred by the one year statute of limitations which governs the Louisiana wrongful death statute, Art. 2315 of the Louisiana Civil Code.

This order in no way affects the claims of the two minor children as to personal injuries sustained by them as a proximate result of the occurrence in question.

It is therefore ORDERED, ADJUDGED and DECREED that the Defendants' Motions for Summary Judgment be, and the same are hereby GRANTED as to Plaintiffs' wrongful death claims.