Nancy J. NEAL, as Executrix of the Estate of Burnette Neal, Jr., and Jane C. Williams, as Executrix of the Estate of Bruce R. Williams, Plaintiffs,

v.

BUTLER AVIATION INTERNATIONAL, INC., Butler International, Inc., Butler Aviation-Miami, Inc., and Air International, Inc., Defendants.

No. 76 C 10.

United States District Court, E. D. New York.

Nov. 1, 1978.

---

Laurence Goldhirsch, New York City (Speiser & Krause, P. C., and Paul D. Rheingold, New York City, of counsel), for plaintiffs.

James P. Donovan, New York City (Mendes & Mount, New York City, of counsel), for Butler Aviation-Miami, Inc.

James J. Sentner and John K. Weir, New York City (Haight, Gardner, Poor & Havens, New York City, of counsel), for Butler International and Butler Aviation International.

## MEMORANDUM and ORDER

DOOLING, District Judge.

The general background of the case, as well as the conclusions reached on various points raised at an earlier stage, appear from the decision of October 15, 1976, reported in 422 F.Supp. 850.

■ All defendants have now moved for reconsideration of the October 15, 1976, de-

cision sustaining the infants' claims against the asserted bar of the statute of limitations. Since that decision the New York Court of Appeals in *Ratka v. St. Francis Hospital*, 1978. 44 N.Y.2d 604, 407 N.Y.S.2d 458, 378 N.E.2d 1027, unanimously rejected *Gaudette v. Webb*, 1972, 362 Mass. 60, 28 N.E.2d 222, and the earlier decision in the present case (442 F.Supp. 850). Since this is an *Erie v. Tompkins* case, the decision of the Court of Appeals plainly requires reconsideration of the premises that (as a matter of New York's rules of Conflict of Laws) Vietnam law is inapplicable to the rights of the minor children (422 F.Supp. at 854), and that New York, Texas and Florida would conclude that the infant survivors had common law rights based on their fathers' deaths. The *Ratka* case makes it altogether clear that under New York law infant survivors have no common law right of action for a parent's tortiously caused death; the rule in *Ratka*, that there is no common law right of action for wrongful death, applies in diversity cases governed by New York law. It may be assumed that the New York court would very likely not hold that Texas or Florida—absent clear decisions in those states—would reject the analysis of *Ratka*. See *Lowe v. Employers Casualty Co.*, Tex.Civ.App.1972, 479 S.W.2d 383, 389; *Penry v. Wm. Barr, Inc.*, E.D.Tex.1976, 415 F.Supp. 126.

Defendants argue that the plaintiffs are barred, under C.P.L.R. § 202 and Estates, Powers and Trust Law § 5–4.1, by the two year statute of limitations, or by the three year limitation of C.P.L.R. § 214(2), (5), and are not entitled to claim on behalf of the infant beneficiaries the toll of C.P.L.R. § 208. And defendants contend that even if the infants had individual claims for their separate losses, the decedent's personal representative would be the appropriate party plaintiff, with the consequence, again, that the claims would be barred because C.P. L.R. § 208 would be inapplicable.

■ *Lipton v. Lockheed Aircraft Corp.*, 1954, 307 N.Y. 775, 121 N.E.2d 615, held that the two-year limitation of former Decedent Estate Law § 130 (now Estate, Pow-ers and Trusts Law § 5–4.1) was inapplicable to causes of action arising out of accidents occurring outside the state (in *Lipton*, Egypt); the decision rested on the premise that Section 130 applied only to deaths resulting from wrongs committed in the State of New York. In *Lipton* the plaintiff was a resident and so not bound under former Civil Practice Act § 13 (now CPLR § 202 in substance) by the shorter of the New York or the Egyptian statutes of limitations. *Lipton* does not reach the instance of the nonresident involved in a foreign accident. And, as defendants argue, *Farber v. Smolock*, 1967, 20 N.Y.2d 198, 282 N.Y.S.2d 248, 229 N.E.2d 36, annuls the premise on which *Lipton* rested in saying—albeit in a case in which, again, plaintiff was a resident—that (20 N.Y.2d at 204, 282 N.Y.S.2d at 253, 229 N.E.2d at 40):

> "To the extent that earlier decisions decline to give extraterritorial effect to the statute, they are overruled."

That does not settle the question whether the Texas kin of a Texan killed in Vietnam who sue through a representative appointed in Texas are barred by the two year limitation of Section 5.4–1 if it is the shortest limitation possibly applicable. The question here differs; it is whether the two year limitation of Section 5.4–1 applies in the *Wiener v. Specific Pharmaceuticals, Inc.*, 1949, 298 N.Y. 346, 83 N.E.2d 673, kind of case, in which the non-residency of the plaintiff parties (legal beneficiaries and legal representatives alike) is complete, and the suit is not brought in virtue of Section 5.4–1 *et seq.*

Plaintiffs here sue as the Texas executrices of Texas decedents and allege no foreign law. If, as appears to be the case, New York's two-year limitation in Section 5.4–1 is procedural, the non-residence of plaintiffs, and their possible duty to refer to their own wrongful death statute or to some other law for some substantive purposes, would not prevent the application of Section 5.4–1. Cf. *Sharrow v. Inland Lines, Ltd.*, 1915, 214 N.Y. 101, 109–110. The opening language of Section 5.4–1, as it has long existed, authorizes suit by the "person-

al representative, duly appointed in this state or any other jurisdiction", and it is not, literally, limited to causes of action created by Section 5.4–1, *et seq.* There are older cases which intimate that foreign fiduciaries' suits based on the deaths outside the state of non-residents are authorized by Decedent Estate Law § 130, although *Wiener v. Specific Pharmaceuticals, supra,* was decided entirely in terms of the powers the Michigan fiduciary derived from the Michigan Law under which he was appointed and made no reference at all to Decedent Estate Law § 130 as a source of the right to sue. *Cf. Richards v. Wright,* Monroe Co. 1931, 139 Misc. 316, 248 N.Y.S. 298; *Matter of von Kauffman,* N.Y.Co. 1938, 167 Misc. 83, 3 N.Y.S.2d 486; *Matter of Wilson,* Kings Co. 1950, 198 Misc. 457, 98 N.Y.S.2d 701. *Chartener v. Kice,* E.D.N.Y.1967, 270 F.Supp. 432, 438, indicated that the limitation of Decedent Estate Law § 130 applied to an action by a California fiduciary for the wrongful death of a resident of California by reason of acts of malpractice committed in New York, and *O'Keefe v. Boeing Co.,* S.D.N.Y.1971, 335 F.Supp. 1104, 1113, is of uncertain effect, so far as it dealt with the death claims for non-residents arising out of the crash in Maine of an aircraft manufactured in Washington. *Cf.* with *Chartener v. Kice, supra, Hoffman v. Colonial Sand & Stone Co., Inc.,* Sup.1949, 91 N.Y.S.2d 607. While this precise point may necessarily have been in *Barnette v. Butler Aviation International,* Queens Co. 1977, 89 Misc.2d 350, 391 N.Y.S.2d 348, on appeal, it is not clear that withdrawal of that appeal turned precisely on the limitation in Section 5–4.1. There must be some doubt that the New York Court of Appeals would turn to Section 5–4.1 in the case of a foreign fiduciary for foreign beneficiaries suing on tort claims unconnected with New York, although, because of the procedural nature of the limitation and the breadth of the statutory language, that remains a very real possibility. *Janes v. Sackman Bros. Co.,* 2d Cir. 1949, 177 F.2d 928, turned rather to the predecessor of CPLR § 214(2), relying on *McConnell v. Caribbean Petroleum Co.,* 1938, 278 N.Y. 189, 15 N.E.2d 573. To the extent, then, that plaintiffs here sue as personal representatives of the decedents upon indivisible, single rights of action their claims would be barred either by the New York two-year limitation of Section 5–4.1 or by the three-year limitation of CPLR § 214(2), (5).

Plaintiffs have argued that the decedents' children may have, under Vietnamese or other relevant law, individual rights of action, and defendants counter by arguing that even rights of the type dealt with in *Moragne v. States Marine Line,* 1970, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339, would have to be vindicated by a suit commenced by the decedents' personal representatives and would be barred by the two or three year New York statute of limitations just as would a suit commenced under the New York wrongful death statute or another state's wrongful death statute (see 398 U.S. at 408, 90 S.Ct. 1772). The courts have implemented *Moragne* in its maritime law setting by applying analogically the Death on the High Seas Act and other admiralty related statutes and limited the right to sue to the personal representative of the decedent. *Futch v. Midland Enterprises, Inc.,* 5th Cir. 1973, 471 F.2d 1195. Similarly, *Renner v. Rockwell International Corp.,* C.D.Cal.1975, 403 F.Supp. 849, while treating laches as the rule of limitation, invoked the limitation of the Death on the High Seas Act as the analogous law statute to be referred to in measuring delay. And the beneficiary schedule of the Death on the High Seas Act was referred to in *Savoie v. Nolty J. Theriot, Inc.,* E.D.La. 1972, 396 F.Supp. 973, to exclude parents of a crew member from a *Moragne* recovery for their son's death offshore in the Gulf of Mexico in favor of the son's widow, who was the sole statutory beneficiary, and had settled her separate suit under the Jones Act and the Death on the High Seas Act. Whether these cases will all survive the review of the nature of the survivors' rights in *Sea-Land Services, Inc. v. Gaudet,* 1974, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9, is not clear. While the plaintiff there was the widow suing as administratrix of her husband, the

decision emphasizes the distinctness of the surviving widow's claim from the claim of her husband (which he had litigated in his lifetime) and her distinct right as survivor to recover for her individual loss by reason of her husband's death. Putting *Moragne* claims aside, as *Ratka* and the *Lowe, McEntire (infra)* and *Penry* cases may be taken to require, the point may still have some application, if, as plaintiffs claim, the infants have individual rights under Texas law on a renvoi theory.

Plaintiffs show that Article 4671 of the Revised Civil Statutes of Texas [Tex.Rev. Civ.Stat.Ann. Art. 4671 (Vernon)] as in effect from the time of the accident until September 1, 1975, was firmly interpreted as being without extra territorial effect. *Marmon v. Mustang Aviation, Inc.*, Tex. Sup.Ct.1968, 430 S.W.2d 182; *Click v. Thuron Industries, Inc.*, Tex.Civ.App.1970, 460 S.W.2d 506, aff'd with opinion Tex.Sup.Ct. 1972, 475 S.W.2d 715; *McEntire v. Estate of Forte*, Tex.Civ.App.1971, 463 S.W.2d 491. Under Article 4675 of the same statutes suit upon the liability in damages imposed by Section 4671 for injuries causing the death of any person is for the sole benefit of and "may be brought by the surviving . . . wife, children, and parents" of the decedent, "or by either of them for the benefit of all. If none of said parties commence such action within three calendar months after the death . . . the executor or administrator of the deceased shall commence and prosecute the action unless requested by all of such parties not to prosecute the same." The recovery is not liable for the debts of the deceased. Under Article 4677 the jury may give the damages they think "proportionate to the injury resulting from [the] death", and must by their finding divide the amount of the recovery "among the persons entitled to the benefit of the action." Article 4678 from the time of the accident until September 1, 1975, provided:

"Whenever the death or personal injury of a citizen of this State or of the United States, or of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any foreign State or country for which a right to maintain an action and recover damages thereof is given by the statute or law of such foreign State or country, such right of action may be enforced in the courts of this State within the time prescribed for the commencement of such actions by the statutes of this State. The law of the forum shall control in the prosecution and maintenance of such action in the courts of this State in all matters pertaining to the procedure."

Articles 4671 and 4678 taken together are diametrically opposed to the New York law view of the applicable principle of the Conflict of Laws, and the Texas rejection of the "significant contacts rule" has been advertent; it has been in part rested on the fact that the legislature, knowing the view taken of the statute by the Texas courts, did not amend the statute. The instance in which Article 4678 is not given effect is the rare one in which the foreign law is of a kind that the courts of Texas consider that they cannot undertake to administer. *El Paso & Juarez Traction Co. v. Carruth*, Tex. Com.App.1923, 255 S.W. 159; *Garza v. Greyhound Lines, Inc.*, Tex.Civ.App.1967, 418 S.W.2d 595; *Ramirez v. Autobuses Blancos Flecha Roja*, 5th Cir. 1973, 486 F.2d 493, 497.

Would New York accept the Texas case and statutory law on a choice-of-law point as part of the governing law of Texas in such a case as the present one? New York's allegiance to the view that only the local and not the conflicts law of another state will be invoked—New York's rejection of renvoi—is at best tepid and uncertain. *Wyatt v. Fulrath*, 1963, 38 Misc.2d 1012, 239 N.Y.S.2d 486, aff'd, 1st Dept. 1964, 22 A.D.2d 853, 254 N.Y.S.2d 216, modified, 1965, 16 N.Y.2d 169, 264 N.Y.S.2d 233, 211 N.E.2d 637; *Matter of Schneider*, 1950, 198 Misc. 1017, 96 N.Y.S.2d 652, 100 N.Y.S.2d 371; *Reger v. Nat'l Ass'n of Bedding Mfrs. Group Ins. Trust Fund*, 83 Misc.2d 527, 372 N.Y.S.2d 97, 117–118; *Chance v. E. I. Du Pont De Nemours & Co.*, E.D.N.Y.1974, 371

F.Supp. 439, 446–447; *cf. Patch v. Stanley Works*, 2d Cir. 1971, 448 F.2d 483, 491–492; *Tyminski v. United States*, 3d Cir. 1972, 481 F.2d 257, 267–268. Renvoi, broadly, is least likely of application in tort cases. See Restatement (Second) of Conflict of Laws, §§ 8 (Comment j), 145 (Comment h); cf. § 186 (Comment b) (1969). (In the present case, strictly, the point is one of "transmission" rather than "renvoi," since the Texas rule refers to the law of a third state.) But where, as in this case, New York has no governmental interest in the parties or their controversy, and the conflict of laws rule of Texas is a statutory rule and has specific application to the lot of Texans accidentally killed outside Texas, it is difficult to resist the conclusion that the New York court would apply the Texas statutory choice-of-law, if satisfied that the Texas courts would certainly do so. In the light of *Day & Zimmerman, Inc. v. Challoner*, 1975, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3, it may be inferred that a federal court, operating both under *Klaxon Co. v. Stentor Mfg. Co.*, 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, and under *Babcock v. Jackson*, 1963, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, and *Long v. Pan American World Airways*, 1965, 16 N.Y.2d 337, 266 N.Y.S.2d 513, 213 N.E.2d 796, must be very slow to assume that New York would refer to Texas for the governing law but would, in a case involving the rights of Texans, reject a Texas statutory choice-of-law provision explicitly applicable to its own citizens tortiously injured outside of Texas. *Cf. Richards v. United States*, 1962, 369 U.S. 1, 10, 15, 82 S.Ct. 585, 7 L.Ed.2d 492; *Tyminski v. United States*, supra, 481 F.2d at 267–268. But *cf. Polglase v. Greyhound Lines, Inc.*, D.Md.1975, 401 F.Supp. 335.

■ That does not mean that Texas would adopt the statute of limitations of the place of the accidental death as well as the substantive law. In wrongful death actions commenced in Texas under foreign wrongful death statutes the Texas courts treat the foreign statute of limitations as integral to the statutory right if that appears to be the scheme of the foreign statute. *Francis v. Herrin Transportation Co.*, Tex.Civ.App.1968, 423 S.W.2d 610; *Culpepper v. Daniel Industries, Inc.*, Tex.Civ.App. 1973, 500 S.W.2d 958. That, however, appears to be deference to foreign law and not a Texas rule of law.

■ If, as was speculated in the earlier decision (422 F.Supp. at 853, 854), the law of Vietnam accords an individual right of action to each person suffering loss by reason of the wrongful death, it would appear that Texas, under Article 4678, would have no difficulty in granting relief, absent complexities of the sort encountered in applying Mexican law. In the application of its own wrongful death statute as applied to its own citizens suffering wrongful death in Texas the Texas courts do not regard the statute as creating a single indivisible cause of action. In *Nelson v. Galveston, H & S.A. Ry.*, 1890, 78 Tex. 621, 14 S.W. 1021, an after-born child was allowed to sue for its damages from its father's wrongful death although the statute of limitations had run, but for the provision tolling the statute during infancy, and although in an earlier and timely suit the child's mother and older sister had recovered damages for their loss by reason of the death. The later Texas cases are equally clear that the statute of limitations runs separately on the rights of action of children under age for the wrongful death of their parents; they are protected from the two year bar of Article 5526(7) by the disability provision, Article 5535. *Texas Utilities Co. v. West*, Tex.Civ.App. 1933, 59 S.W.2d 459; *Schwing v. Bluebonnet Express, Inc.*, Tex.1973, 489 S.W.2d 279, 281; *Franco v. Allstate Ins. Co.*, Tex.1974, 505 S.W.2d 789, 793. It would appear that, if a Texas court entertained a wrongful death action based on the law of Vietnam, it would have no difficulty, nor even a sense of strangeness, in applying the statute of limitations of Texas separately to the adult and infant beneficiaries of the wrongful death claims.

■ Would the courts of New York, assuming the infants in the present case were found to have individual rights of action under Texas law, nevertheless hold that

they were barred of enforcement in New York? That would be the consequence, it would seem, only if New York regarded the difference between the New York wrongful death statute and that subsisting under the law of Texas as procedural and not as going to the substance of the rights involved. But if, as appears possible, under Texas law the right of each infant under Vietnamese law was recognized as distinct and one that can be separately sued upon (as the Texas cases indicate is possible with the Texas statutory right), it would appear fairly clear that New York would recognize the individual right of the infant, including its right to invoke CPLR § 208.

At this point it is evident that the case cannot be satisfactorily disposed of on the infancy and choice of law issues unless more is known about the law of Texas and of Vietnam. Plaintiffs have not, in fact, alleged the law relied on, nor pleaded facts indicative of its applicability. However, defendants must show that the claims are barred by lapse of time, not that they may be barred, and that they have not done on the present record.

Meanwhile the issues of jurisdiction over defendants have been put to one side, and those issues, if considered, might well include consideration of *forum non conveniens* points. *Cf. Fitzgerald v. Texaco, Inc.*, 2d Cir. 1975, 521 F.2d 448, 450–451; *Varkonyi v. S. A. Empresa de Viacao Airea Rio Grandeuse*, 1st Dept. 1967, 27 App.Div.2d 731, 277 N.Y.S.2d 577.

In these circumstances the motion for reconsideration must be denied, and it is

SO ORDERED.